**ADAMS, DUERK & KAMENSTEIN LLP**
Adam Kamenstein (State Bar No. 225921)
445 S. Figueroa St., Suite 2300
Los Angeles, California 90071
Telephone: (914) 536-2723
E-Mail: adam.kamenstein@adkfirm.com

**DYNAMIS LLP**
Constantine P. Economides (*pro hac vice*)
225 Franklin St., 26th Floor
Boston, Massachusetts 02110
Telephone: (305) 985-2959
E-Mail: ceconomides@dynamisllp.com

*Attorneys for Defendant Economides*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GRITSTONE BIO, INC. SECURITIES LITIGATION | Case No. 3:24-cv-03640-CRB<br><br>CLASS ACTION<br><br>**DEFENDANT VASSILIKI ECONOMIDES'S REPLY IN SUPPORT OF MOTION TO DISMISS THE AMENDED COMPLAINT**<br><br>Date:     June 20, 2025<br>Time:    10:00 a.m.<br>Dept:    Courtroom 6 – 17th Floor<br>Judge:   Hon. Charles R. Breyer |

---

**3:24-CV-03640-CRB**

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

I. Introduction ...........................................................................................................................1

II. Argument..............................................................................................................................3

   A. Plaintiffs Have Effectively Conceded That Ms. Economides Did Not Sign and Was Not Otherwise a "Maker" of the Majority of the Documents Containing the Allegedly False Statements. ..................................................................3

   B. The "Economides Declaration" from Gritstone's Bankruptcy Cannot and Does Not Support Plaintiffs' Claims or Allegations of Scienter Against Ms. Economides. ...............................................................................................................4

      1. Plaintiffs' reliance on the Economides Declaration is procedurally improper...........................................................................................................5

         a. Plaintiffs cannot raise new allegations or theories in opposition to a motion to dismiss. ..…………………………………………………………………5

         b. Even if the Court took judicial notice of the Economides Declaration, Plaintiffs could rely only on the document's existence, not on the truth of its contents. ..........................................................................7

      2. If the Court were to consider the filings in Gritstone's bankruptcy proceedings, those filings negate, rather than demonstrate, that Ms. Economides made false statements or acted with scienter. ...............................7

   C. Plaintiffs Have Failed to Respond to Ms. Economides's Arguments for Dismissal of the Control Liability Claim Under Section 20(a)............................................8

   D. Plaintiffs Have Not Provided Any Basis for Leave to Amend as to Ms. Economides. ....................................................................................................................9

III. CONCLUSION .................................................................................................................10

# TABLE OF AUTHORITIES

**CASES**

*AgriBio Tech Sec. Litig.*, No. CV-S-99-144-PMP(LRL),
  2000 WL 1277603, at *6 (D. Nev. Mar. 2, 2000) ...........................................................................6

*Bhatia v. Silvergate Bank*,
  725 F. Supp. 3d 1079, 1101 (S.D. Cal. 2024)................................................................................7

*Innovative Research Tech., Inc. v. Internet Tech. Group, Inc.*, No. 2:24-CV-01263-TL,
  2025 WL 1285919, at *5 (W.D. Wash. May 2, 2025)....................................................................5

*LexinFintech Holdings Ltd. Sec. Litig.,* No. 3:20-CV-1562-SI,
  2021 WL 5530949, at *13 (D. Or. Nov. 24, 2021)………………………….……………………6

*Meta Materials Inc. Sec. Litig.*, No. 21CV7203CBAJRC,
  2023 WL 6385563, at *16 (E.D.N.Y. Sept. 29, 2023) ..................................................................9

*New Jersey Carpenters Pension & Annuity Funds v. Biogen IDEC Inc.*,
  537 F.3d 35, 57 (1st Cir. 2008)......................................................................................................6

*Ortega v. Flores*, No. 19-CV-00319-HSG,
  2023 WL 4771178, at *5 (N.D. Cal. July 26, 2023)......................................................................7

*Pers. Elec. Transports, Inc. v. Office of U.S. Tr.*,
  313 Fed. Appx. 51, 52 (9th Cir. 2009)...........................................................................................8

*Reaud v. Facebook Inc.*, No. 23-CV-06329-AMO,
  2024 WL 4126066, at *4 (N.D. Cal. Sept. 9, 2024) ......................................................................6

*Rite Aid Corp. Sec. Litig.*, No. 2:22-CV-04201-KBH,
  2025 WL 968306, at *1 (E.D. Pa. Mar. 31, 2025) …………………………………………......9

*Schneider v. Cal. Dep't of Corr.*,
  151 F.3d 1194, 1197 n.1 (9th Cir. 1998) .......................................................................................5

*Smith v. TransUnion*, No. 24-CV-1727-AGS-DTF,
  2025 WL 1287756, at *2 (S.D. Cal. May 1, 2025)........................................................................8

## I.    INTRODUCTION

Plaintiffs' Opposition to Defendants' Motions to Dismiss the Amended Complaint ("Opposition" or "Opp.") [ECF No. 61] does not negate the multiple bases for dismissal raised in Ms. Economides's Motion to Dismiss the Amended Complaint [ECF No. 58] ("Motion to Dismiss" or "Motion"). The Amended Complaint [ECF No. 46] mentions Ms. Economides only three times. The remaining allegations group her under the umbrella term "defendants," without particularized allegations about Ms. Economides's conduct, state of mind, or control. There are no allegations that Plaintiffs' confidential witnesses viewed Ms. Economides as culpable in any way (or that they even mentioned her when interviewed by Plaintiffs' investigators).

Through her Motion to Dismiss, Ms. Economides addressed each of those deficiencies, but Plaintiffs have not responded meaningfully. More specifically, Plaintiffs' Opposition suffers from four overarching flaws, each of which is addressed below.

First, Plaintiffs effectively concede that Ms. Economides did not sign the majority of the subject statements, and Plaintiffs cannot point to allegations showing that Ms. Economides individually had ultimate authority over any statements. Those flaws are fatal, because Ms. Economides cannot be liable under Section 10(b) without allegations showing that she is a "maker" of an actionable statement.[1]

Second, with respect to Ms. Economides's scienter, Plaintiffs make a futile attempt to rely on a declaration from Ms. Economides in Gritstone's bankruptcy proceedings. But Plaintiffs did not cite or rely on that declaration (or its contents) in the Amended Complaint, and there is no mechanism to consider the truth of that document in connection with Plaintiffs' allegations. Indeed, Plaintiffs' reliance on that declaration betrays a dispositive reality: the Amended Complaint lacks the requisite allegations to show scienter, so Plaintiffs were looking elsewhere for proof.

///

///

///

---

[1] Regardless of whether Ms. Economides is responsible for any of the statements, none of the statements is actionable—as argued in Mr. Allen's briefing, in which Ms. Economides joins.

In any case, Ms. Economides's conduct and filings vis-à-vis Gritstone's bankruptcy proceedings negate any allegations of fraudulent intent. Plaintiffs do not (and cannot) allege that Ms. Economides sold stock to profit from any alleged artificial inflation, and Plaintiffs do not raise any other plausible (or even conceivable) motive. After Plaintiffs filed their Amended Complaint, Ms. Economides was asked to take on the role of Interim CEO to coordinate with stakeholders and steer Gritstone through the end of its liquidation. In accepting that role, Ms. Economides did not have the financial prospects (*e.g.*, bonuses or stock awards) that officers normally receive in such roles. In other words, the facts show that she has worked in good faith to benefit Gritstone's creditors, even while losing the value of hard-earned stock and while missing opportunities for moving on to other roles.

Simply put, these activities belie Plaintiffs' claims that Ms. Economides was committing securities fraud as Gritstone's CFO. It is dubious for Plaintiffs to aver that the stakeholders in Gritstone's bankruptcy agreed for a fraudulent CFO to stay on and take the helm. Hence, the facts are inconsistent with the traditional indicia of a culpable intent, and Plaintiffs' sparse scienter allegations (even if true) do not show otherwise.

<u>Third</u>, Plaintiffs do not address Ms. Economides's arguments for dismissal of the Section 20(a) claim for control liability. By failing to address those arguments, Plaintiffs have abandoned the Section 20(a) claim as to Ms. Economides.

<u>Finally</u>, Plaintiffs did not meaningfully request leave to amend. As argued in Ms. Economides's Motion, Plaintiffs cannot point to any additional facts that might suffice to state a claim. Plaintiffs investigated their case for months but failed to plead that Ms. Economides is a maker, that any statements were false or actionable, that Ms. Economides acted with scienter, or that there was loss causation. Thus, because an amendment would be futile and prejudicial, Plaintiffs should not be permitted to replead specious "securities fraud" claims against Ms. Economides.

///

///

///

///

## II.   ARGUMENT[2]

### A.   Plaintiffs Have Effectively Conceded That Ms. Economides Did Not Sign and Was Not Otherwise a "Maker" of the Majority of the Documents Containing the Allegedly False Statements.

Ms. Economides could be the "maker" of statements—and, in turn, liable for any falsity in those statements—only if the alleged facts (if taken as true) show that she signed the statements or otherwise had ultimate authority over those statements. For <u>three</u> reasons—and as tacitly confirmed by Plaintiffs' Opposition—Plaintiffs have not made (and cannot make) those allegations.

<u>First</u>, Plaintiffs appear to acknowledge that Ms. Economides did not sign the majority of the documents at issue. The Amended Complaint identifies statements contained in fifteen documents or earnings calls. *See* ¶¶ 65 – 97; *see also* Motion [ECF No. 58] at 6 – 7 (listing the name and date of each filing alleged to contain false statements). In her Motion to Dismiss, Ms. Economides noted that the Amended Complaint excluded specific allegations that *she* had signed those assorted documents. *See* Motion [ECF No. 58] at 6 – 7. She further specified that a review of the filings would reveal that she had signed less than half—specifically, three SOX Certifications and three 10-Qs. *See id.* at 7, n.6. In their Opposition, Plaintiffs concede the point and argue that "Economides is unquestionably a 'maker' of the alleged false statements within Gritstone's SEC filings that Economides signed." Opp. at 24. In other words, Plaintiffs have tacitly acknowledged that Ms. Economides did <u>not</u> sign the majority of documents at issue in this case.

<u>Second</u>, Plaintiffs have failed to allege non-conclusory, individualized facts showing that Ms. Economides—rather than any other executive, officer, or director—had ultimate authority over the documents that she did not sign. An individual does not become a "maker" of a statement merely because (s)he has a role as an officer; rather, there must be allegations showing that individual's ultimate authority over that particular statement. *See* Motion at 8 – 9. Although they acknowledged that legal standard, Plaintiffs failed to identify allegations in the Amended Complaint showing that Ms. Economides had such authority over the precise documents or statements at issue.

///

---

[2] For all citations herein—and unless otherwise noted—emphasis has been added, and internal citations and internal quotations have been omitted.

In responding to this argument, Plaintiffs cite to only three allegations:

- "Defendant Vassiliki Economides ("Economides") has served as Gritstone's Executive Vice President and Chief Financial Officer at all relevant times."

- "Defendants possessed the power and authority to control the contents of Gritstone's SEC filings, press releases, and other market communications. Defendants were provided with copies of Gritstone's SEC filings and press releases alleged herein to be misleading prior to or shortly after their issuance and had the ability and opportunity to prevent their issuance or to cause them to be corrected."

- "These results were prepared by management and were based on the most current information available to management."

Opp. at 23 – 25 (quoting ¶¶ 19, 21, 94). But those allegations elucidate, rather than negate, Ms. Economides's argument for dismissal. The Amended Complaint impermissibly groups Ms. Economides as one of multiple "defendants" and provides conclusory allegations that "defendants" had the requisite "authority." There are no alleged facts showing whether, when, how, or why any one defendant (as opposed to any other executive, officer, or director) had ultimate authority. If Plaintiffs are alleging that multiple people had simultaneous authority, there are no allegations showing who could or would control the content if a disagreement arose. Nor are there allegations showing who actually made the final decision as to the precise statements at issue.

In sum, the requirement to allege a "maker" would be illusory if a plaintiff could copy and paste conclusory allegations about control by multiple "defendants." The allegations should show each person's role and ultimate authority. Because Plaintiffs have failed to allege those facts, the Amended Complaint does not show that Ms. Economides was a "maker."[3]

**B.    The "Economides Declaration" from Gritstone's Bankruptcy Cannot and Does Not Support Plaintiffs' Claims or Allegations of Scienter Against Ms. Economides.**

Plaintiffs contend that a declaration from Ms. Economides ("Economides Declaration")—as filed on October 11, 2025 in Gritstone's bankruptcy proceedings—bolsters Plaintiffs' allegations such that the Amended Complaint passes the pleading standards under the FRCP and PSLRA. Specifically, Plaintiffs argue that:

---

[3] For the reasons raised by Mr. Allen, any statements for which Ms. Economides could be deemed a "maker" were not false or actionable.

In a sworn declaration, Defendant Economides blamed the Company's bankruptcy on "delays due to regulatory and manufacturing challenges [for the CORAL Phase II] which impacted the Company's financial outlook." Those manufacturing failures thus undoubtedly caused this risk and the resultant losses.

\*        \*        \*

In her sworn declaration for the Company's bankruptcy proceedings, Defendant Economides admitted that "[a]s a result of my roles as CFO and EVP, I am familiar with the Debtor's [Gritstone's] businesses, financial affairs, and day-to-day operations."

\*        \*        \*

Another sworn declaration identifies both Defendant Allen and Economides as two of six employees "vital to the on-going stability, continuity, and strength of the company" as members of "[t]he Senior Leadership Employees … responsible for executing the [Company's] operating and strategic plans," such that the Company "believes that … [they] cannot be easily replaced without significant operational setbacks and material efficiency losses."

Opp. at 8 – 9, 19 – 20. According to Plaintiffs, "[t]hese admissions of familiarity and this technical, relevant background supports an inference that Defendant Economides knew of the pervasive issues with the Company's cGMP manufacturing and the likely impact on the CORAL Phase II trial and the Company's finances." *Id.* at 20.

These flawed arguments cannot save Plaintiffs' Amended Complaint from a dismissal with prejudice as to Ms. Economides. First, Plaintiffs' reliance on the Economides Declaration is procedurally improper. Second, if Gritstone's bankruptcy proceedings—and the filings therein—are relevant to the sufficiency of the Amended Complaint's allegations, those proceedings negate, rather than demonstrate, that Ms. Economides made false statements or acted with scienter.

**1.    Plaintiffs' reliance on the Economides Declaration is procedurally improper.**

*a.    Plaintiffs cannot raise new allegations or theories in opposition to a motion to dismiss.*

"'In determining the propriety of a Rule 12(b)(6) dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.'" *Innovative Research Tech., Inc. v. Internet Tech. Group, Inc.*, No. 2:24-CV-01263-TL, 2025 WL 1285919, at \*5 (W.D. Wash. May 2, 2025) (quoting *Schneider v. Cal. Dep't*

*of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998)). More specifically, "[t]he court may not ... take into account additional facts asserted in a memorandum opposing the motion to dismiss, because such memoranda do not constitute pleadings under Rule 7(a)." *Id.*; *see also Reaud v. Facebook Inc.*, No. 23-CV-06329-AMO, 2024 WL 4126066, at *4 (N.D. Cal. Sept. 9, 2024) ("The Court may not consider new allegations alleged for the first time in an opposition to a motion to dismiss.").

> These principles are also critical in securities fraud cases under the PSLRA:
> Our concern about theories raised for the first time by plaintiffs in response to defendants' motions to dismiss in securities cases is based in part on traditional notions of waiver and in part on the unusual requirements of the PSLRA. In enacting the PSLRA, Congress intended to raise the standards plaintiffs must meet to survive a motion to dismiss, for defendants to have a fair chance to test the viability of a complaint, and for courts to carefully scrutinize complaints. That deliberate scheme is thrown into disarray when new theories are first produced in response to a motion to dismiss.

*New Jersey Carpenters Pension & Annuity Funds v. Biogen IDEC Inc.*, 537 F.3d 35, 57 (1st Cir. 2008); *see also In re LexinFintech Holdings Ltd. Sec. Litig.*, No. 3:20-CV-1562-SI, 2021 WL 5530949, at *13 (D. Or. Nov. 24, 2021) ("The Amended Complaint, however, does not include particularized allegations that representations made in SOX certifications or GAAP violations give rise to inferences of scienter—Plaintiffs make those assertions for the first time in their Response to the Motion to Dismiss. This is insufficient to state a claim for relief."); *In re AgriBio Tech Sec. Litig.*, No. CV-S-99-144-PMP(LRL), 2000 WL 1277603, at *6 (D. Nev. Mar. 2, 2000) ("[I]t is axiomatic that the complaint may not be amended by briefs in opposition to a motion to dismiss.").

This precedent forecloses Plaintiffs' attempted reliance on the Economides Declaration. Plaintiffs were free to investigate their case, interview their CWs, review publicly available information, and raise any relevant allegations in a complaint. Although the Economides Declaration was publicly filed as of October 11, 2024, Plaintiffs failed to cite to, mention, or rely on the declaration in their Amended Complaint [ECF No. 43] filed on November 8, 2024 or in their Corrected Amended Complaint [ECF No. 46] filed on December 9, 2024. Instead, Plaintiffs suddenly cited and relied on the Economides Declaration only after Ms. Economides filed her ///

Motion to Dismiss [ECF No. 58] elucidating Plaintiffs' pleading deficiencies. Plaintiffs' tardy reliance on the declaration, therefore, is prejudicial and impermissible.

Additionally, that reliance betrays the weakness of Plaintiffs' allegations. If Plaintiffs' allegations were sufficient—when taken as true at the pleading stage—Plaintiffs could oppose Ms. Economides Motion to Dismiss without the need to cite to an extraneous document (particularly one that was previously available). Thus, the Economides Declaration does not save Plaintiffs' claims from dismissal.

> **b.** **Even if the Court took judicial notice of the Economides Declaration, Plaintiffs could rely only on the document's existence, not on the truth of its contents.**

Although a court can take judicial notice of filings in other litigation, a court may not treat as true the contents of those filings. *See, e.g.*, *Ortega v. Flores*, No. 19-CV-00319-HSG, 2023 WL 4771178, at *5 (N.D. Cal. July 26, 2023) ("The Court takes judicial notice of the existence of the dockets in these court cases and the existence of these pleadings, but not the truth of the contents of the dockets or the pleadings."); *Bhatia v. Silvergate Bank*, 725 F. Supp. 3d 1079, 1101 (S.D. Cal. 2024) ("While it is true a court may consider documents properly subject to judicial notice, including the existence of court dockets and filings in related proceedings, . . . the court cannot take judicial notice of those documents for the truth of any matter asserted therein.").

Under those standards, Plaintiffs' sudden reliance on the Economides Declaration, rather than on allegations in Plaintiffs' Amended Complaint, is misplaced. Plaintiffs purported to have sufficient good faith allegations to maintain their claims against Ms. Economides, yet Plaintiffs are now defending their pleading by relying on extraneous information. In any case, the Court is not positioned to accept as true the declaration's content—*i.e.*, that content is irrelevant to Plaintiffs' claims at this pleading stage. For this reason too, the Economides Declaration cannot cure the deficiencies in Plaintiffs' allegations.

> **2.** **If the Court were to consider the filings in Gritstone's bankruptcy proceedings, those filings negate, rather than demonstrate, that Ms. Economides made false statements or acted with scienter.**

As stated *supra*, Plaintiffs cannot use a declaration from another docket, rather than their Amended Complaint's allegations, to meet the PSLRA's standards on a motion to dismiss. Indeed,

Ms. Economides's Motion focused on the Amended Complaint, not on extraneous materials on which Plaintiffs might suddenly rely. Nonetheless, a review of Gritstone's bankruptcy proceedings would only negate, not bolster, Plaintiffs' claims of securities fraud against Ms. Economides.

Ms. Economides took an active role in shepherding Gritstone through its bankruptcy proceedings. As of January 1, 2025—after Plaintiffs filed their Amended Complaint—Ms. Economides was asked (and agreed) to act as the company's Interim CEO. *See, e.g.*, [ECF No. 558]. In that role, she worked dutifully and diligently with stakeholders and attorneys, without the prospect of receiving the bonuses or stock options normally awarded to executives.

In a holistic analysis, those facts would create an extremely strong inference <u>against</u> scienter. If a publicly-traded company collapsed from a revelation of fraud, a culpable CFO would be quickly forced out; she would not be asked to act as Interim CEO to steer a restructuring or liquidation. A culpable CFO, moreover, would likely have sold stock and profited during the alleged artificial inflation, and she likely would have exited from the company at the first opportunity once insolvency was approaching. However, Ms. Economides, stayed behind, worked with the attorneys, filed declarations under oath, and took on additional responsibility. That conduct is inconsistent with accusations of malfeasance.

In sum, those facts are exculpatory, creating a compelling opposing inference that Ms. Economides acted in good faith—not with an intent to deceive, manipulate, or defraud—at all times while working at Gritstone (including during the alleged class period). Thus, Plaintiffs' have not met their burden to plead that Ms. Economides made false statements or acted with scienter.

**C.    Plaintiffs Have Failed to Respond to Ms. Economides's Arguments for Dismissal of the Control Liability Claim Under Section 20(a).**

A plaintiff waives a claim by failing to responding to a defendant's arguments for dismissing that claim. *See, e.g.*, *Smith v. TransUnion*, No. 24-CV-1727-AGS-DTF, 2025 WL 1287756, at *2 (S.D. Cal. May 1, 2025) ("[Plaintiff] has waived and abandoned his current claims because he failed to address any of defendant's arguments concerning them in his opposition to the motion to dismiss." (cleaned up)); *Pers. Elec. Transports, Inc. v. Office of U.S. Tr.*, 313 Fed. Appx. 51, 52 (9th

Cir. 2009) ("[T]he district court correctly opined that Appellants had waived their 'access to the courts' argument for failing to raise it in their opposition to the Trustee's motion to dismiss.").

Applying that doctrine, courts have deemed arguments or claims waived in PSLRA cases when a plaintiff failed to address a defendant's arguments for dismissal. *See, e.g.*, *In re Rite Aid Corp. Sec. Litig.*, No. 2:22-CV-04201-KBH, 2025 WL 968306, at *1 (E.D. Pa. Mar. 31, 2025) (finding that plaintiff waived allegations of falsity as to statements not addressed in plaintiff's opposition to motion to dismiss); *In re Meta Materials Inc. Sec. Litig.*, No. 21CV7203CBAJRC, 2023 WL 6385563, at *16 (E.D.N.Y. Sept. 29, 2023) (holding that "Plaintiffs have abandoned any claim based on this misstatement" that was unaddressed in opposition to motion to dismiss).

Under those principles, Plaintiffs have waived their Section 20(a) claim as to Ms. Economides. In her Motion to Dismiss, Ms. Economides thoroughly argued that the Amended Complaint fails to plead the requisite facts for control liability under Section 20(a). Motion at 11-13. Plaintiffs' Opposition lacks any mention of Section 20(a), let alone a response to Ms. Economides's arguments. Thus, Plaintiffs have waived their opposition to those arguments and abandoned their claim under Section 20(a) as to Ms. Economides.

**D.    Plaintiffs Have Not Provided Any Basis for Leave to Amend as to Ms. Economides.**

Ms. Economides provided a robust argument in support of a dismissal *with prejudice*. *See* Motion at 13 – 14. In response to that detailed opposition to any request to amend, Plaintiffs provided only a cursory statement that "Plaintiffs request leave to amend to cure any deficiencies." Opp. at 25. If Plaintiffs are unable or unwilling to even suggest a colorable basis to amend their claims against Ms. Economides, then they should not be permitted to do so.

Indeed, Plaintiffs have had every opportunity to investigate their claims, raise proper allegations, and defend those allegations as a matter of law. Instead, Plaintiffs have publicly accused Ms. Economides of "securities fraud," while failing to provide more than three conclusory allegations mentioning her. *See* ¶¶ 19, 20, 125; *see also* Mot. at 1-2, 4-6, 9-11. When Ms. Economides pointed out those deficiencies, Plaintiffs:

///

- relied on group pleading in attempt to tie her to at least some statements;

- argued that scienter was proven by a general statement in Ms. Economides's declaration in Gritstone's bankruptcy; and

- failed to even address Ms. Economides's arguments for dismissal of the Section 20(a) claim.

Under these circumstances, an amendment could not cure the deficiencies but would continue prejudicing a good faith actor facing ongoing (but baseless) allegations of securities fraud. Accordingly, Ms. Economides respectfully requests that the Court dismiss the claims against her with prejudice.

### III.    CONCLUSION

For the foregoing reasons and as stated in the Motion to Dismiss [ECF No. 58], Plaintiffs fail to state claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 against Ms. Economides. Ms. Economides respectfully requests that the Court dismiss the Amended Complaint with prejudice and grant any further relief that the Court deems proper.

Dated: May 8, 2025                                    Respectfully submitted,

/s/ Adam Kamenstein

Adam Kamenstein (State Bar No. 225921)
**ADAMS, DUERK & KAMENSTEIN LLP**
445 S. Figueroa St., Suite 2300
Los Angeles, California 90071
Telephone: (914) 536-2723
E-Mail: adam.kamenstein@adkfirm.com

Constantine P. Economides (*pro hac vice*)
**DYNAMIS LLP**
225 Franklin St., 26th Floor
Boston, Massachusetts 02110
Telephone: (305) 985-2959
E-Mail: ceconomides@dynamisllp.com

*Attorneys for Defendant Economides*

## CERTIFICATE OF SERVICE

No. 3:24-cv-03640-CRB

I certify that I served a copy of this document on the Court and all parties by filing this document with the Clerk of the Court through the CM/ECF system, which will provide electronic notice and an electronic link to this document to all counsel of record.

Dated: May 8, 2025                    Respectfully submitted,


/s/ Adam Kamenstein
Adam Kamenstein (State Bar No. 225921)
**ADAMS, DUERK & KAMENSTEIN LLP**
445 S. Figueroa St., Suite 2300
Los Angeles, California 90071
Telephone: (914) 536-2723
E-Mail: adam.kamenstein@adkfirm.com

Constantine P. Economides (*pro hac vice*)
**DYNAMIS LLP**
225 Franklin St., 26th Floor
Boston, Massachusetts 02110
Telephone: (305) 985-2959
E-Mail: ceconomides@dynamisllp.com

*Attorneys for Defendant Economides*