CATHERINE D. KEVANE (CSB No. 215501)
ckevane@fenwick.com
MARIE C. BAFUS (CSB No. 258417)
mbafus@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:    415.875.2300
Facsimile:    415.281.1350

KATHRYN HAUH (CSB No. 347786)
khauh@fenwick.com
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
Telephone:    650.988.8500
Facsimile.    650.938.5200

Y. MONICA CHAN (admitted *pro hac vice*)
mchan@fenwick.com
FENWICK & WEST LLP
401 Union Street, 5th Floor
Seattle, WA  98101
Telephone:    206.389.4510
Facsimile:    650.938.5200

Attorneys for Defendant ANDREW R. ALLEN

FENWICK & WEST LLP
ATTORNEYS AT LAW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE GRITSTONE BIO, INC. SECURITIES LITIGATION | Case No.: 3:24-cv-03640-CRB |
| | <u>CLASS ACTION</u> |
| THIS DOCUMENT RELATES TO: ALL ACTIONS | **NOTICE OF DOCUMENTS INCORPORATED BY REFERENCE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT ANDREW R. ALLEN'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT** |
| | Date:        February 6, 2026<br>Time:        10:00 a.m.<br>Dept:        Courtroom 6—17th Floor<br>Judge:       Hon. Charles R. Breyer |

FENWICK & WEST LLP
ATTORNEYS AT LAW

Gritstone bio, Inc.'s ("Gritstone" or the "Company") public statements constitute the subject matter of Plaintiffs' Second Amended Complaint (ECF. No. 70, the "SAC"), alleging that Defendant Andrew R. Allen violated the federal securities laws. Thus, it is appropriate to look at "what representations [the Company] made to the market." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018), *aff'd*, 985 F.3d 1180 (9th Cir. 2021). As shown below, the Court may consider the documents attached as Exhibits 1 through 16 of the accompanying Declaration of Marie C. Bafus (the "Bafus Declaration") because they fall into the following categories: (i) Gritstone's press releases, earnings releases, earnings calls and filings with the Securities and Exchange Commission (the "SEC"), including every statement that is alleged to be false and misleading (and the surrounding context), and (ii) a written agreement specifically referred to and quoted in the SAC. The Court can take judicial notice of these materials pursuant to Rule 201 of the Federal Rules of Evidence,[1] the "incorporation by reference" doctrine and/or the provisions of the Private Securities Litigation Reform Act of 1995 ("PSLRA"). The documents are listed below.

1. Gritstone's Forms 10-K and Forms 10-Q filed during the alleged class period, which are attached as **Exhibits 1, 2, 4, 9, and 14** to the Bafus Declaration. Plaintiffs refer to or quote from **Exhibits 1, 2, 4, 9, and 14** at SAC ¶¶ 24-27, 29, 71-76, 97, 126-27, 130-34, 137-40, 141-42, 152-57, 170, 174, 178-80, 201, 206, and 208-11. **Exhibits 1, 2, 4, 9, and 14** also include risk factors and other disclosures that bear on Plaintiffs' generic allegations in SAC ¶¶ 135, 143, 145, 148, 153, and 158 alleging that the Company's cautionary statements were not meaningful for purposes of the safe harbor for forward-looking statements.

2. Gritstone's May 11, 2023 earnings conference call transcript for Q1 2023, which is attached as **Exhibit 3** to the Bafus Declaration. Plaintiffs refer to or quote from **Exhibit 3** at SAC ¶¶ 135 and 136.

---

[1] Fed. R. Evid. 201 permits courts to take judicial notice of any fact that is "not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

3.      Gritstone's earnings releases during the alleged class period, which were filed with the SEC as exhibits to Forms 8-K, attached as **Exhibits 10 and 15** to the Bafus Declaration. Plaintiffs refer to or quote from **Exhibits 10 and 15** at SAC ¶¶ 150-51 and 174-177.

4.      Gritstone's Forms 8-K filed with the SEC on or about September 27, 2023 and February 12, 2024 respectively, attached as **Exhibits 5 and 12** to the Bafus Declaration. Plaintiffs refer to or quote from **Exhibits 5 and 12** at SAC ¶¶ 77-80, 83, 143-44, 158-59, and 211.

5.      A contract entered into between Gritstone and Biomedical Advanced Research and Development Authority ("BARDA"), last executed as of September 27, 2023, which was filed with the SEC as an exhibit to Form 10-Q on or about November 8, 2023, attached as **Exhibit 6** to the Bafus Declaration.  Plaintiffs refer to or quote from **Exhibit 6** at SAC ¶¶ 5-7, 77, 80, 81, 101, 108 122, 126, 143, 145, 152, 153, 186, 198, 210, and 211.

6.      A September 27, 2023 press release, entitled "Gritstone bio Awarded BARDA Contract to Conduct Comparative Phase 2b Study Evaluating Next-Generation Vaccine Candidate for COVID-19 Valued at up to $433 Million," which was filed with the SEC on that same date as an exhibit to Form 8-K, attached as **Exhibit 7** to the Bafus Declaration.  Plaintiffs refer to or quote from **Exhibit 7** at SAC ¶¶ 78, 122, and 145-47.

7.      An October 11, 2023 press release, entitled "Presentations at IDWeek 2023 Highlight Potentially Differentiated Immunogenicity of Gritstone bio's Next Generation COVID-19 Vaccine," attached as **Exhibit 8** to the Bafus Declaration.  Plaintiffs refer to or quote from **Exhibit 8** at SAC ¶¶ 148 and 149.

8.      A February 12, 2024 press release, entitled "Gritstone bio Announces Update to Comparative Phase 2b COVID-19 Clinical Trial," attached as **Exhibit 11** to the Bafus Declaration. Plaintiffs refer to or quote from **Exhibit 11** at SAC ¶¶ 8, 160-162, and 206.

9.      A February 29, 2024 press release, entitled "Gritstone bio Announces Workforce Reduction," attached as **Exhibit 13** to the Bafus Declaration.  Plaintiffs refer to or quote from **Exhibit 13** at SAC ¶¶ 8 and 171-72.

10.    An April 1, 2024 press release, entitled "Gritstone bio Announces Proposed Public Offering," attached as **Exhibit 16** to the Bafus Declaration.  Plaintiffs quote from **Exhibit 16** at SAC ¶¶ 9 and 181.[2]

### A.    The Court Should Deem Materials Quoted, Referenced, and Relied upon in the SAC Incorporated by Reference

Because Plaintiffs refer to, rely on, quote, and/or expressly base their claims on portions of **Exhibits 1 through 16**, the incorporation by reference doctrine allows the Court to consider such documents on a motion to dismiss.  *See, e.g.*, *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1058 n.10 (9th Cir. 2014); *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1060 (N.D. Cal. 2012) ("[A] court may consider . . . documents incorporated by reference in the complaint").  The Court may consider the full contents of such documents, even if a complaint only relies on certain portions.  *See Khoja v. Orexigen Therapeutics Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (doctrine of incorporation by reference prevents plaintiff from omitting portions of "documents that weaken—or doom—their claims" in favor of only those that support them); *In re Bare Escentuals, Inc. Sec. Litig.*, 745 F. Supp. 2d 1052, 1066 (N.D. Cal. 2010) (where plaintiff "references and relies on a particular document as part of the . . . complaint," the court is "justified in looking outside the four corners of the complaint, to the document itself if offered"); *Colyer v. Acelrx Pharms., Inc.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) ("Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendant's decision to provide the Court with the complete transcript.").

The Court may assume that the contents of a document incorporated by reference in a complaint are true for the purposes of a motion to dismiss.  *Juniper*, 880 F. Supp. 2d at 1058-61 (quoting *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006)).  As such, because **Exhibits 1 through 16** are expressly incorporated by reference into the SAC, the Court may consider them as if part of the SAC.  *See Khoja*, 899 F.3d at 1002 ("Unlike rule-established judicial notice, incorporation-by-

---

[2] The SAC quotes from the Company's April 1, 2024 press release but misattributes the quote to "an 8-K."  SAC ¶ 181.

NOT. OF DOCUMENTS INCORPORATED BY
REFERENCE AND RJN ISO DEF. ANDREW R.
ALLEN'S MTD SAC                                    4                    Case No.: 3:24-cv-03640-CRB

reference is a judicially created doctrine that treats certain documents as though they are part of the complaint itself.").

### B. The Court May Take Judicial Notice of SEC Filings and Other Public Documents

The Court may also take judicial notice of public documents whose authenticity cannot be questioned. Fed. R. Evid. 201(b); *see also In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1405 n.4 (9th Cir. 1996). **Exhibits 1, 2, 4-7, 9, 10, 12, 14, and 15** are all materials filed with the SEC, and courts routinely take judicial notice of such documents, especially when deciding a motion to dismiss in cases under the federal securities laws, even when such filings are not referenced in the complaint. *See, e.g.*, *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (taking judicial notice of SEC filings was proper); *Glenbrook Cap. Ltd. P'ship v. Kuo*, 525 F. Supp. 2d 1130, 1137 (N.D. Cal. 2007) (taking judicial notice of Form 10-K filed with the SEC); *In re Solarcity Corp. Sec. Litig.*, 274 F. Supp. 3d 972, 988 (N.D. Cal. 2017) (taking judicial notice of proxy statement not referenced in pleadings where relevant to evaluating scienter); *In re Netflix, Inc. Sec. Litig.*, 2005 WL 1562858, at *5 (N.D. Cal. June 28, 2005) ("SEC filings are appropriately noticed by the Court" on a motion to dismiss).

In addition, in securities cases where a plaintiff alleges that the "fraud on the market" doctrine is applicable, courts may take judicial notice of publicly available information about a company, such as press releases and earnings releases, including the publicly reported financial results contained therein (**Exhibits 7, 8, 10, 11, 13, 15, and 16**), and earnings conference call transcripts (**Exhibit 3**). *See Heliotrope Gen., Inc. v. Ford Motor Co.*, 189 F.3d 971, 981 n.18 (9th Cir. 1999) (taking judicial notice of news articles); *In re Edward D. Jones & Co., Sec. Litig.*, 2019 WL 2994486, at *3 (E.D. Cal. July 9, 2019) (taking judicial notice of defendant's SEC filings and public comments and analyst reports to "determin[e] what information was disclosed to the public") (citation omitted); *Juniper*, 880 F. Supp. 2d at 1058-59 (taking judicial notice of defendant's SEC filings and earnings call transcripts).

FENWICK & WEST LLP
ATTORNEYS AT LAW

**C.      Cautionary Statements Relevant to the Safe Harbor**

Finally, as indicated above, the Court may consider **Exhibits 1-3, 4, 5, and 7-12** for the independent reason that the PSLRA "safe harbor" for forward-looking statements is at issue, and the Court must consider "any cautionary statement accompanying the forward-looking statement, which [is] not subject to material dispute, cited by the defendant."  15 U.S.C. § 78u-5(e); *In re Copper Mountain Sec. Litig.*, 311 F. Supp. 2d 857, 864 (N.D. Cal. 2004) ("the court is required to consider 'any cautionary statement accompanying a forward-looking statement, which is not subject to material dispute, cited by the defendant'") (citation omitted).

Dated:   October 17, 2025                    FENWICK & WEST LLP

By: _____
      Marie Bafus

      Attorneys for *Defendant Andrew R. Allen*

FENWICK & WEST LLP
ATTORNEYS AT LAW