**POMERANTZ LLP**
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
*(pro hac vice application forthcoming)*
J. Alexander Hood II *(pro hac vice)*
Samantha Daniels *(pro hac vice)*
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
sdaniels@pomlaw.com

*Counsel for Lead Plaintiff Richard Rodriguez and Lead Counsel for the Class*
*[Additional Counsel on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GRITSTONE BIO, INC. SECURITIES LITIGATION**<br><br>This Document Relates to: *ALL ACTIONS* | Case No.: 3:24-cv-03640-CRB<br>Class Action<br><br>**STIPULATION OF SETTLEMENT**<br><br>Judge: Hon. Charles R. Breyer |

This Stipulation of Settlement, dated as of May 15, 2026 (the "Stipulation"), which embodies the terms and conditions of settlement of the above-captioned action (the "Action"), is entered into between Lead Plaintiff Richard Rodriguez ("Plaintiff") on behalf of himself and all

members of the proposed putative Settlement Class, defined below[1] (collectively, "Settlement Class Members") and Defendant Andrew R. Allen, the former Chief Executive Officer, President, and Director of Gritstone bio, Inc. ("Gritstone" or the "Company") ("Defendant," and together with Plaintiff, the "Parties"). Subject to the approval of the Court and the terms and conditions expressly provided herein, and further subject to the approval of the United States Bankruptcy Court for the District of Delaware of the payment by Defendant's insurers of the Settlement Amount, this Stipulation is intended to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all Released Claims as against all Released Defendant's Parties and all Released Plaintiff's Parties. This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties.

Based upon his investigation, prosecution, and the mediation of the case, Plaintiff and Plaintiff's Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable, and adequate to Plaintiff and the other members of the Settlement Class, and in their best interests. Based on Plaintiff's direct oversight of the prosecution of this matter and with the advice of counsel, Plaintiff has agreed to settle and release the Released Claims pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Plaintiff and the other members of the Settlement Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

This Stipulation constitutes a compromise of matters that are in dispute between the Parties. Defendant is entering into this Stipulation solely to eliminate the uncertainty, burden, and expense of further litigation. Defendant has denied and continues to deny any wrongdoing or that he has committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws. Among other things, Defendant denies the allegation that he made any material misstatements or omissions, that he did so knowingly, recklessly or negligently, or otherwise did not act in good faith or did not act reasonably; that any member of the Class has suffered damages; that the price of the Company's common stock was artificially inflated by reason of the alleged misrepresentations, omissions, or otherwise; or that the misconduct the Second Amended Complaint alleges harmed members of the Settlement Class. Defendant has denied and continues

---

[1] All words or terms used herein that are capitalized shall have the meaning ascribed to those words or terms set forth herein and in the section in this Stipulation entitled "Definitions."

to deny each and every one of the Second Amended Complaint's claims and/or potential claims based on the facts the Second Amended Complaint alleges and maintains that he has meritorious defenses to all claims alleged in the Second Amended Complaint. The Memorandum of Understanding dated April 24, 2026 (the "MOU") and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendant or any of the Released Defendant's Parties with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendant has, or could have, asserted. Defendant expressly denies that Plaintiff has asserted any valid claims as to Defendant and expressly denies any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of Defendant's defenses to liability had any merit. Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed, and prosecuted by Plaintiff in good faith and defended by Defendant in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate, and reasonable.

**NOW THEREFORE**, it is hereby **STIPULATED AND AGREED**, by and among Plaintiff (individually and on behalf of all other members of the Settlement Class) and Defendant, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Released Defendant's Parties and all Released Defendant's Claims as against the Released Plaintiff's Parties shall be finally and fully compromised, settled, and released, upon and subject to the terms and conditions set forth below.

## THE ACTION

On June 17, 2024, Plaintiff commenced this Action in the U.S. District Court for the Northern District of California, styled, *In re Gritstone bio, Inc. Securities Litigation*, Case No. 3:24-cv-03640-CRB (N.D. Cal.). The Honorable Charles R. Breyer was assigned the case.

On September 10, 2024, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), the Court appointed Richard Rodriguez as Lead Plaintiff and approved Pomerantz LLP as Lead Counsel.

On October 10, 2024, Gritstone declared Chapter 11 bankruptcy in the United States Bankruptcy Court for the District of Delaware, *In re Gritstone bio, Inc.*, No. 24-12305 (Bankr. D. Del.). Gritstone was subsequently dismissed from the Action.

On December 9, 2024, Plaintiff filed the First Amended Complaint against Defendant Allen and former Chief Financial Officer Vassiliki Economides. The First Amended Complaint alleged that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, by making materially false and misleading statements regarding Gritstone's current Good Manufacturing Practices ("cGMP") compliance, its capabilities to satisfy its contract with the Biomedical Advanced Research and Development Authority ("BARDA"), and the timeline for launching the CORAL Phase 2b clinical trial.

On July 24, 2025, the Court granted Defendants' motions to dismiss the First Amended Complaint, dismissing with prejudice as to Ms. Economides and without prejudice as to Dr. Allen. The Court concluded that the First Amended Complaint failed to allege that the challenged statements were materially false or misleading when made, with the exception of certain pre-BARDA statements relating to Gritstone's manufacturing practices, and failed to allege scienter with respect to Allen. The Court granted leave to amend the complaint.

On August 21, 2025, Plaintiff filed the Second Amended Complaint, which asserts Section 10(b) and Section 20(a) claims against Defendant Allen on behalf of investors who purchased or otherwise acquired Gritstone securities between March 9, 2023 and April 2, 2024, both dates inclusive, and were damaged as a result.

Defendant filed a motion to dismiss the Second Amended Complaint, which was fully briefed. The hearing on that motion was stayed pending mediation.

On April 22, 2026, the Parties participated in a mediation session presided over by experienced mediator Jed Melnick, Esq. of JAMS. In advance of the mediation, the Parties

submitted and exchanged detailed mediation statements and exhibits, which addressed, among other things, issues related to liability and damages.

On or about April 22, 2026, the Parties agreed to a mediator's proposal to settle the Action in principle and release all Released Claims in exchange for an all-cash payment of $6,000,000 for the benefit of the Settlement Class, subject to the execution of a settlement stipulation and related papers and Court approval, and further subject to approval by the United States Bankruptcy Court for the District of Delaware of the payment by Defendant's insurers of the Settlement Amount. The agreement was memorialized in the MOU, fully executed on April 24, 2026. The MOU sets forth, among other things, the Parties' agreement to fully and finally settle the Action and release all Released Claims in return for a payment on behalf of Defendant of six million U.S. dollars ($6,000,000.00) for the benefit of the Settlement Class.

## DEFINITIONS

As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

- "**Action**" means the putative securities class action currently pending in the United States District Court for the Northern District of California styled, *In re Gritstone bio, Inc. Securities Litigation*, Case No. 3:24-cv-03640-CRB (N.D. Cal.).
- "**Authorized Claimant**" means a Settlement Class Member who submits a Proof of Claim Form to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.
- "**Bankruptcy Court**" means the United States Bankruptcy Court for the District of Delaware, where Gritstone's Chapter 11 bankruptcy case, *In re Gritstone bio, Inc.*, No. 24-12305, is pending.
- "**Claim**" means a Proof of Claim Form submitted to the Claims Administrator.
- "**Claim Form**" or "**Proof of Claim Form**" means the form, substantially in the form attached hereto as Exhibit A-2, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

- "**Claimant**" means a person or entity who or which submits a Claim Form to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.
- "**Claims Administrator**" means Strategic Claims Services, which shall provide all notices approved by the Court to potential Settlement Class Members and administer the Settlement.
- "**Class Distribution Order**" means an Order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.
- "**Class Period**" or "**Settlement Class Period**" means the Class Period set forth in the Second Amended Complaint (i.e., March 9, 2023 to April 2, 2024, both dates inclusive).
- "**Class Counsel**" or "**Lead Counsel**" means Pomerantz LLP.
- "**Court**" means the United States District Court for the Northern District of California.
- "**Defendant**" means Andrew R. Allen, the former Chief Executive Officer, President, and Director of Gritstone bio, Inc.
- "**Defendant's Counsel**" means Fenwick & West LLP.
- "**Effective Date**" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 25 of this Stipulation have been met and have occurred or have been waived.
- "**Email Notice**" shall mean the notice which, subject to Court approval, shall be substantially in the form attached hereto as Exhibit A-5, and which shall be provided to Settlement Class Members for whom the Claims Administrator is able to obtain an email address.
- "**Escrow Account**" means an account maintained at Huntington Bank wherein the Settlement Amount shall be deposited and held in escrow under the control of Lead Counsel.
- "**Escrow Agent**" means Huntington Bank or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court in connection with the Settlement.

- "**Escrow Agreement**" means the agreement between Lead Counsel and the Escrow Agent setting forth the terms under which the Escrow Agent shall maintain the Escrow Account.
- "**Final**" with respect to the Judgment or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, i.e., thirty (30) days after entry of the judgment or order, or the Bankruptcy Appellate Court Rules, as applicable; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs, or expenses, including Litigation Expenses, or (ii) the Plan of Allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.
- "**Gritstone**" or the "**Company**" means Gritstone bio, Inc.
- "**Immediate Family**" means children, stepchildren, parents, stepparents, spouses, marital communities, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law. As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.
- "**Judgment**" means the final judgment, substantially in the form attached hereto as Exhibit C, to be entered by the Court approving the Settlement.
- "**Lead Plaintiff**" or "**Plaintiff**" means Court-appointed Lead Plaintiff Richard Rodriguez.
- "**Litigation Expenses**" means the costs and expenses incurred in connection with commencing, prosecuting, and settling the Action (which may include the costs and expenses of Plaintiff directly related to his representation of the Settlement Class), for which Plaintiff's Counsel intends to apply to the Court for reimbursement from the Settlement Fund.

- "**MOU**" means the Memorandum of Understanding, dated April 24, 2026, by which the Parties memorialized the essential terms of the Settlement.
- "**Net Settlement Fund**" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court; (iv) any attorneys' fees awarded by the Court; and (v) any other fees or expenses approved by the Court.
- "**Notice**" means the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-1, which is to be provided to Settlement Class Members.
- "**Notice and Administration Costs**" means the costs, fees, and expenses, which shall be limited to reasonable costs, that are incurred by the Claims Administrator and/or Plaintiff's Counsel in connection with: (i) providing notices to the Settlement Class; and (ii) administering the Settlement, including but not limited to the Claims process, as well as the costs, fees, and expenses incurred in connection with the Escrow Account.
- "**Parties**" means Defendant and Plaintiff, on behalf of himself and the Settlement Class.
- "**Pitta Action**" means the action styled *Thomas Pitta, Liquidating Trustee for Gritstone, Plaintiff, v. Allen, et al.*, Case No. 3:24-cv-06018-CRB (N.D. Cal.).
- "**Plaintiff's Counsel**" or "**Plaintiffs' Counsel**" means the law firms of Pomerantz LLP and The Schall Firm.
- "**Plan of Allocation**" means the proposed plan of allocation of the Net Settlement Fund set forth in the Notice, in the form attached hereto as Exhibit A-1, or such other plan of allocation as the Court may approve. The Plan of Allocation is separate from the Settlement, and any objections or appeals with respect to the Plan of Allocation will not affect the validity or finality of the Settlement (including the releases therein). Any order of the Court modifying or rejecting the proposed Plan of Allocation will not operate to terminate the settlement or affect the finality or binding nature of the Settlement.
- "**Postcard Notice**" shall mean the postcard form notice which, subject to Court approval, shall be substantially in the form attached hereto as Exhibit A-4, and which shall be mailed

first class, postage prepaid, to Settlement Class Members and third-party nominees and custodians that can be identified through reasonable investigation.

- "**Preliminary Approval Order**" means the Order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Settlement Class.

- "**PSLRA**" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

- "**Released Claims**" means all Released Defendant's Claims and all Released Plaintiff's Claims.

- "**Released Defendant's Claims**" means all claims and causes of action of every nature and description, whether known or unknown claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendant and Unknown Claims that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in this Action against Defendant, including under Rule 11 of the Federal Rules of Civil Procedure or for any other fees or cost shifting. Released Defendant's Claims do not include any claims relating to the enforcement of the Settlement, any claims between or among Defendant and the Released Defendant's Parties, any claims between Defendant and the Released Defendant's Parties and their respective insurers, or any claims against any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court.

- "**Released Defendant's Parties**" means (i) Defendant; (ii) the Immediate Family members of Defendant; (iii) any trust of which Defendant is the settlor or which is for the benefit of Defendant and/or his Immediate Family members; (iv) for any of the persons or entities listed in parts (i) through (iii) and for Gritstone, their respective past and present general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial or investment advisors or consultants, bank or investment bankers, personal or legal representatives, insurers, co-insurers, reinsurers, related or affiliated entities, trustees, trustors, administrators, agents, attorneys, parents, predecessors, successors, subsidiaries, assigns, estates, heirs, executors, and any controlling person

thereof; all in their capacities as such; and (v) any entity in which Defendant has a controlling interest.

- "**Released Plaintiff's Claims**" means all claims, actions, causes of action, and lawsuits, of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory, and whether direct, class, or individual in nature, whether arising under federal, state, common, or foreign law, that Plaintiff or any other member of the Settlement Class: (i) asserted in the Action; or (ii) could have asserted in any forum that arise out of or are based upon both (a) the allegations, transactions, facts, matters or occurrences, representations, or omissions set forth, or referred to, in the Action, and (b) the purchase of Gritstone's publicly traded stock or securities during the Settlement Class Period. Released Plaintiff's Claims do not include: (i) any claims relating to the enforcement of the Settlement; (ii) claims asserted in the following action: *Thomas Pitta, Liquidating Trustee for Gritstone, Plaintiff, v. Allen, et al.*, Case No. 3:24-cv-06018-CRB (N.D. Cal.); and (iii) any claims of any person or entity who or which submits a request for exclusion from the Settlement Class that is accepted by the Court. This release will not impact Plaintiff's Counsel's right to seek attorneys' fees and Litigation Expenses to be paid out of the Settlement Fund as provided in ¶¶16-18.

- "**Released Plaintiff's Parties**" means Plaintiff, all other Settlement Class Members, and any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of the respective Settlement Class Member in such capacity only, including, but not limited to, their respective past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; all in their capacities as such.

- "**Second Amended Complaint**" means the Second Amended Complaint for Violations of the Federal Securities Laws filed by Plaintiff on August 21, 2025.

- "**Settlement**" means the settlement between Plaintiff and Defendant on the terms and conditions set forth in this Stipulation.

- "**Settlement Amount**" means six million U.S. Dollars and zero cents ($6,000,000.00) in cash to settle the Action.

- "**Settlement Class**" means all persons and entities that purchased publicly traded Gritstone securities between March 9, 2023 and April 2, 2024, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b) (i) Defendant and members of his Immediate Family; (ii) any person who served as a control person, officer, and/or director of Gritstone during the Settlement Class Period and members of his or her Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Gritstone; (iv) any entity in which Defendant has or had a controlling interest; (v) any trust of which Defendant is the settlor or which is for the benefit of Defendant and/or member(s) of his Immediate Family; (vi) Defendant's liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any persons and entities who or which properly exclude themselves from the Settlement Class by filing a valid and timely request for exclusion that is accepted by the Court.

- "**Settlement Class Member**" means each person and entity who or which is a member of the Settlement Class.

- "**Settlement Fund**" means the Settlement Amount plus any and all interest earned thereon.

- "**Settlement Hearing**" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

- "**Summary Notice**" means the Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses, substantially in the form attached hereto as Exhibit A-3, to be published as set forth in the Preliminary Approval Order.

- "**Supplemental Agreement**" means the separate confidential agreement executed concurrently with the execution of the Stipulation of Settlement providing that Defendant shall have the option to terminate the Settlement upon the conditions specified therein.

- "**Taxes**" means: (i) all federal, state, and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; (ii) the expenses and costs incurred by Plaintiff's Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants); and (iii) all taxes imposed on payments by the Settlement Fund, including withholding taxes.

- "**Termination Notice**" is a written notice from Defendant to Plaintiff providing notice of his election to terminate the Settlement and this Stipulation within thirty (30) days of: (a) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's Final refusal to approve the Settlement or any material part thereof; (c) the Court's Final refusal to enter the Judgment in any material respect as to the Settlement; (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Ninth Circuit or the United States Supreme Court; (e) the Bankruptcy Court's Final refusal to approve the payment by Defendant's insurers of the Settlement Amount; or (f) the occurrence of the conditions set forth in ¶ 25 below.

- "**Unknown Claims**" means any Released Plaintiff's Claims which Plaintiff, any other Settlement Class Member, or any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of any Settlement Class Member in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, and any Released Defendant's Claims which Defendant, or any other person or entity legally entitled to bring Released Defendant's Claims on behalf of the Defendant in such capacity only, does not know or suspect to exist in his, her, or its favor at the time of the release of such claims, which, if known by him, her, or it, might have affected his, her, or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Plaintiff and Defendant shall expressly waive, and each of the other Settlement Class Members and each of the other releasing parties shall be deemed to have waived, and by operation of the Judgment, shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

Plaintiff and Defendant acknowledge, and each of the other releasing parties shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

**PRELIMINARY APPROVAL OF SETTLEMENT**

1. Plaintiff will file a motion for preliminary approval of the Settlement by May 15, 2026, and shall provide a draft of his motion for preliminary approval to Defendant's Counsel in advance of filing. The Parties shall cooperate in good faith to obtain efficient Court approval of the Settlement, including coordination over the manner in which to present the motions for preliminary and final approval, including characterization of the Settlement Amount contained therein. The motions shall be unopposed by Defendant. Concurrently with the motion for preliminary approval, Plaintiff shall apply to the Court for, and Defendant shall agree to, entry of the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A.

**RELEASE OF CLAIMS**

2. The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendant; and (ii) the Releases provided for herein.

3. Upon the Effective Date, Plaintiff shall dismiss the Action with prejudice, and the Released Plaintiff's Parties shall be deemed to have fully and forever released the Released Plaintiff's Claims as against the Released Defendant's Parties and shall be forever barred from asserting, commencing, instituting, prosecuting, or maintaining in any court of law or equity, arbitration, or other forum any and all of the Released Plaintiff's Claims against any and all of the Released Defendant's Parties. This release shall apply regardless of whether any Released Plaintiff's Party has executed a Proof of Claim Form, received

notice, participated in the Settlement Fund, filed an objection, or had his, her, or its Claim approved or allowed.

4. Upon the Effective Date, the Released Defendant's Parties shall be deemed to have fully and forever released the Released Defendant's Claims as against the Released Plaintiff's Parties and shall be forever barred from asserting, commencing, instituting, prosecuting, or maintaining in any court of law or equity, arbitration, or other forum any and all of the Released Defendant's Claims against any and all of the Released Plaintiff's Parties.

5. Notwithstanding ¶¶ 3-4 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

6. Defendant agrees to direct his insurers to cause the payment of a total of $6,000,000 in cash to settle the Action. In consideration for the comprehensive Releases (defined in ¶¶ 3-4), Defendant agrees to direct his insurers to make the payment of the Settlement Amount into the Escrow Account within twenty (20) business days of the date on which all of the following have occurred: (a) the Court entering an order granting preliminary approval of the Settlement substantially in the form of Exhibit A; (b) approval by the Bankruptcy Court of the payment by Defendant's insurers of the Settlement Amount; and (c) Defendant's receipt from Plaintiff and Plaintiff's Counsel of the information necessary to effectuate a transfer of funds to the Escrow Account, including a signed W-9 reflecting a valid taxpayer identification number, wiring instructions (including bank name, street address, city, state, and zip), and a telephonic point of contact for voice verification of the instructions. Defendant shall cause the insurers to seek approval from the Bankruptcy Court of the payment by Defendant's insurers of the Settlement Amount within ten (10) business days of the date the Court issues an order granting preliminary approval of the Settlement, or as otherwise agreed by the Parties. Any claim for Taxes, Notice and Administration Costs, Litigation Expenses, attorneys' fees, and any other fees or expenses will be paid from the Settlement Amount.

7. Defendant's sole payment obligation under this Settlement (other than providing CAFA notice) is set forth in ¶ 6, and under no circumstances shall Defendant have any obligation to make any other or greater payment for any purpose pursuant to the Settlement.

**CERTIFICATION OF SETTLEMENT CLASS**

8. Solely for purposes of and in connection with this Settlement, and subject to approval by the Court, the Parties consent to certification of the Settlement Class, with Plaintiff as the Class Representative of the Settlement Class. The certification of the Settlement Class shall be binding only with respect to the Settlement.

**USE OF SETTLEMENT FUND**

9. The Settlement Fund shall be used to pay: (a) any Taxes; (b) any Notice and Administration Costs; (c) any Litigation Expenses or other fees or costs awarded by the Court; and (d) any attorneys' fees awarded by the Court. The balance remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in the Plan of Allocation.

10. Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date. All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court. The Escrow Agent shall invest any funds in the Escrow Account exclusively in United States Treasury Bills (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the Federal Deposit Insurance Corporation ("FDIC") may be deposited in any account that is fully insured by the FDIC. In the event that the yield on United States Treasury Bills is negative, in lieu of purchasing such Treasury Bills, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed by the full faith and credit of the United States. Additionally, if short-term placement of the funds is necessary, all or any portion of the funds held by the Escrow Agent may be deposited in any account that is fully insured by the FDIC or backed

by the full faith and credit of the United States. All risks related to the investment of the Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund and Defendant and Released Defendant's Parties shall have no responsibility for, interest in, or liability whatsoever with respect to investment decisions or actions of the Escrow Agent, or any transactions executed by the Escrow Agent.

11. The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k)) for the Settlement Fund. Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund. Defendant and the Released Defendant's Parties shall not have any liability or responsibility whatsoever for any such filings or Taxes. Lead Counsel, as administrator of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith. Defendant and the Released Defendant's Parties shall not have any liability or responsibility whatsoever for making or not making such elections or actions.

12. All Taxes shall be paid out of the Settlement Fund, and shall be timely paid by the Escrow Agent pursuant to the disbursement instructions to be set forth in the Escrow Agreement, and without further order of the Court. Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein. Defendant and the Released Defendant's Parties shall have no responsibility or liability whatsoever for the acts or

omissions of Plaintiff's Counsel, the Escrow Agent, or their respective agents with respect to the payment of Taxes, as described herein.

13. The Settlement is not a claims-made settlement. Defendant has no right of reversion. The Settlement Amount is an all-in settlement number, with no right of reversion, meaning that the Settlement Amount includes all Taxes, Notice and Administration Costs, Litigation Expenses, attorneys' fees, and any other fees or expenses of any kind associated with the resolution of this matter, and that, following the occurrence of the Effective Date, no payor has any right to the remainder, if any, of the Settlement Amount. Upon the occurrence of the Effective Date, neither Defendant, the Released Defendant's Parties, nor any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claim Forms submitted, the collective amount of Recognized Claims (as defined in the Plan of Allocation) of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund.

14. Following the payment of the Settlement Amount into the Escrow Account, notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, Lead Counsel may pay from the Settlement Fund, without further approval from Defendant or further order of the Court, all Notice and Administration Costs actually incurred and paid or payable, which shall be limited to reasonable costs, up to $500,000.00. Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Postcard Notice, emailing the Email Notice, publishing the Summary Notice, reimbursements to nominee owners for forwarding the Postcard Notice or the Email Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all reasonable Notice and Administration Costs actually paid or incurred after preliminary approval of the Settlement, including any related fees and Taxes, shall not be returned or

repaid to Defendant, any of the Released Defendant's Parties, or any other person or entity who or which paid any portion of the Settlement Amount.

15. It shall be Lead Counsel's sole responsibility to disseminate the Postcard Notice, Email Notice, and Summary Notice to the Settlement Class in accordance with this Stipulation and as ordered by the Court. Settlement Class Members shall have no recourse as to the Released Defendant's Parties with respect to any claim that arises from any failure of the notice process.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

16. Plaintiff's Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiff's Counsel to be paid from the Settlement Fund, which will include interest accrued from the time of the creation of the Settlement Fund. Plaintiff's Counsel also will apply to the Court for reimbursement of Litigation Expenses with interest, which may include a request for reimbursement of Plaintiff's costs and expenses, including time and/or lost wages incurred in prosecuting the Action, directly related to his representation of the Settlement Class, to be paid from the Settlement Fund. Plaintiff's Counsel's application for an award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendant and Plaintiff other than what is set forth in this Stipulation.

17. Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Plaintiff's Counsel from the Settlement Fund within ten (10) days of the award by the Court, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiff's Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final. Plaintiff's Counsel shall make the appropriate refund or repayment in full no later than fifteen (15) business days after: (a) receiving from Defendant's Counsel a Termination Notice; or (b) any order reducing or

reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein. Any award(s) with respect to attorneys' fees and Litigation Expenses will not affect the validity or finality of the Settlement. Neither Plaintiff nor Plaintiff's Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses. Any reversal or modification of an attorneys' fees and Litigation Expenses award will not operate to terminate the Settlement or affect the finality or binding nature of the Settlement.

18. Plaintiff's Counsel shall allocate the attorneys' fees in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution, and settlement of the Action. Other than the obligation to cause the Settlement Amount to be funded, Defendant and the Released Defendant's Parties shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees or Litigation Expenses. The attorneys' fees and Litigation Expenses that are awarded to Plaintiff's Counsel shall be payable solely from the Escrow Account. Under no circumstances shall Defendant and the Released Defendant's Parties be responsible to pay any portion of Plaintiff's Counsel's attorneys' fees and/or any Litigation Expenses or any Settlement Class Members' attorneys' fees or expenses whatsoever, and all attorneys' fees and expenses awarded to Plaintiff's Counsel and/or other attorneys representing one or more Settlement Class Members shall be paid from, and not in addition to, the Settlement Amount.

**NOTICE AND SETTLEMENT ADMINISTRATION**

19. As part of the Preliminary Approval Order, Lead Counsel shall seek appointment of a Claims Administrator. The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing, and approving or denying Claims, under Lead Counsel's supervision and subject to the jurisdiction of the Court. Neither Defendant nor any other Released Defendant's Parties shall have any involvement in or any responsibility, authority, or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims

process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Plaintiff, any other Settlement Class Members, or Plaintiff's Counsel in connection with the foregoing.

20. The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's pro rata share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim (as defined in the Plan of Allocation) compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Notice attached hereto as Exhibit A-1, or in such other plan of allocation as the Court approves). Plaintiff's Counsel will apply to the Court, on notice to Defendant' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Proof of Claim Forms submitted; (b) approving payment of any fees and expenses associated with the administration of the Settlement from the Escrow Account; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

21. No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00. If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Costs, Taxes, and attorneys' fees and expenses and other awards approved by the Court, if any, redistribute such balance among Authorized Claimants who have cashed their checks sent in the initial distribution and who would receive a minimum of $10.00 as part of an additional distribution, in an equitable and economic fashion. Such additional distributions shall be repeated every six months until the balance remaining in the Net Settlement Fund is reduced to a de minimis level such that, in the reasonable judgment of Lead Counsel, it no longer makes economic sense, considering costs of distribution, to attempt to make further distributions. Any balance that thereafter still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, and after payment of outstanding Notice and Administration Costs, Taxes, tax expenses,

attorneys' fees and expenses, and other awards approved by the Court, shall be donated to a 501(c)(3) non-profit organization serving the public interest designated by Lead Counsel that has no affiliation or financial relationship with Lead Counsel, Lead Plaintiff, Defendant, his affiliates, or Defendant's Counsel, and is approved by the Court.

22. Plaintiff and Defendant, and their respective counsel, and all other Released Defendant's Parties and Released Plaintiff's Parties shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the Plan of Allocation, or the determination, administration, calculation, or payment of any Claim or nonperformance of the Claims Administrator, the payment or withholding of Taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

23. All proceedings with respect to the administration, processing, and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Settlement Class Members and Parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

24. In connection with the motion for final approval of the Settlement, Plaintiff's Counsel shall request that the Court enter a Proposed Order and Judgment, substantially in the form attached hereto as Exhibit C.

## CONDITIONS OF SETTLEMENT AND EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

25. The Effective Date of the Settlement shall be conditioned on the occurrence of the following events:

    (a) Execution of the Stipulation of Settlement and such other documents as may be required to obtain final Court approval of the Stipulation of Settlement in a form satisfactory to the Parties;

(b) The Court's entry of the Preliminary Approval Order, substantially in the form set forth in Exhibit A, as required by ¶ 1 above;

(c) Approval by the Bankruptcy Court of the payment by Defendant's insurers of the Settlement Amount;

(d) The deposit of the Settlement Amount into the Escrow Account;

(e) Defendant has not exercised his option to terminate Settlement; and

(f) The Court's entry of the Judgment approving the Stipulation of Settlement following notice to the Settlement Class and the Settlement Hearing, and the Judgment has become Final.

26. Upon the occurrence of all of the events referenced in ¶ 25 above, any and all remaining interest or right of Defendant in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases shall be effective.

27. If (i) Defendant exercises his right to terminate the Settlement as provided in this Stipulation; (ii) the Court disapproves the Settlement; (iii) the Bankruptcy Court does not approve the payment by Defendant's insurers of the Settlement Amount; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(g) The Settlement and the relevant portions of this Stipulation and the MOU shall be canceled and terminated, and none of those terms shall be effective or enforceable.

(h) Plaintiff and Defendant shall revert to their respective positions in the Action as of April 24, 2026, prior to the execution of the MOU, and they shall proceed in all respects as if the MOU and this Stipulation had not been executed, and without prejudice in any way from the negotiation, fact, or terms of this Settlement.

(i) The terms and provisions of this Stipulation, with the exception of those provisions governing the Parties' obligations upon termination, confidentiality, and inadmissibility, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(j) Within fifteen (15) business days after a Termination Notice is sent by Defendant's Counsel to the Escrow Agent, Plaintiff, through Plaintiff's Counsel and the Claims Administrator, shall return the Settlement Fund (including accrued interest thereon and any funds received by Plaintiff or Plaintiff's Counsel consistent with ¶ 17 above), less any Notice and Administration Costs actually incurred, paid, or payable following preliminary approval of the Settlement (not to exceed $500,000 before the Effective Date), and less any Taxes paid, due, or owing, to the persons or entities paying the same in accordance with instructions provided by Defendant's Counsel.

28. Defendant shall have the right to terminate the Settlement and this Stipulation by providing a Termination Notice. However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or reimbursement of Litigation Expenses or with respect to any Plan of Allocation shall not be considered material to the Settlement, shall not affect the finality of the Judgment, and shall not be grounds for termination of the Settlement.

29. In addition to the grounds set forth above, Defendant shall have the right to terminate the Settlement in the event that any material terms of the Settlement are breached or Settlement Class Members timely and validly requesting exclusion from the Settlement Class meet the conditions set forth in Defendant's confidential Supplemental Agreement with Plaintiff, in accordance with the terms of that agreement. The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Plaintiff and Defendant concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court *in camera* and request that the Court afford it confidential treatment.

30. None of the MOU, this Stipulation (whether or not consummated), including the exhibits hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the MOU and this Stipulation, nor any proceedings taken pursuant to or in connection with the MOU,

this Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a) shall be offered against Defendant or the Released Defendant's Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or the Released Defendant's Parties with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or the appropriateness of class certification, or of any liability, negligence, fault, or other wrongdoing of any kind of Defendant or the Released Defendant's Parties or in any way referred to for any other reason as against Defendant or the Released Defendant's Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b) shall be offered against any of the Released Plaintiff's Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff's Parties that any of their claims are without merit, that Defendant or the Released Defendant's Parties had meritorious defenses, or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff's Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

(c) shall be construed against any of the Released Defendant's Parties or Released Plaintiff's Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if this Stipulation is approved by the Court, the Parties, the Released Defendant's Parties, the Released Plaintiff's Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## NOTICE AS REQUIRED BY CAFA

31. Defendant shall be responsible for timely service of any notices that might be required pursuant to the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"). Defendant shall provide a copy of such notices as well as proof of service of such notices to Plaintiff's Counsel. The costs of any CAFA notice and the administration thereof shall be paid by Defendant separately from the payment of the Settlement Amount set forth in ¶ 6 above.

## MISCELLANEOUS PROVISIONS

32. All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein. Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation, the MOU, and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

33. Defendant and Released Defendant's Parties may file the Stipulation and/or the Judgment in any action that has been or may be brought against them in order to support a defense or counterclaim based on the principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Upon the Effective Date, to the extent allowed by law, this Stipulation shall operate conclusively as an estoppel and full defense in the event, and to the extent, of any claim, demand, action, or proceeding brought by any Released Plaintiff's Party against any of the Released Defendant's Parties with respect to any Released Plaintiff's Claims, or brought by any Released Defendant's Party against any of the Released Plaintiff's Parties with respect to any Released Defendant's Claims.

34. The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Plaintiff and any other Settlement Class Members against Defendant or the Released Defendant's Parties with respect to the Released Plaintiff's Claims, including Unknown Claims. Accordingly, Plaintiff and his counsel and Defendant and his counsel agree not to assert in any forum that this Action was brought by Plaintiff or defended by Defendant in bad faith or without a reasonable basis. No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this

Action, and the Judgment shall contain a finding that all Parties and their counsel complied with the requirements of Rule 11 with respect to the institution, prosecution, defense, and settlement of the Action. The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

35. The MOU and this Stipulation of Settlement are not admissions or concessions by any of the Parties as to any matter in dispute in the Action, and Defendant has denied, and continues to deny, that he has committed or is liable for any of the claims asserted in the Action. Defendant makes no admission of liability or wrongdoing, and Defendant denies all claims of liability and/or wrongdoing.

36. The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Plaintiff and Defendant (or their successors-in-interest). The Parties may agree to immaterial modifications of the Claim Form, the Notice, the Postcard Notice, and the Summary Notice without approval from the Court.

37. The headings herein are used for the purpose of convenience only and are not meant to have legal effect. Such headings shall not be considered a part of this Stipulation of Settlement, and neither shall they limit, modify, or affect in any way the meaning or interpretation of it.

38. The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiff's Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Settlement Class Members.

39. Any waiver of any of the terms of this Stipulation must be in writing. The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

40. This Stipulation and its exhibits, the Supplemental Agreement, and the MOU constitute the entire agreement between Plaintiff and Defendant concerning the Settlement and this Stipulation and its exhibits. All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits, the Supplemental Agreement, or the MOU other than those contained and memorialized in such documents, and the Parties disclaim reliance upon any such other agreements or representations.

41. This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

42. This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Released Defendant's Parties and Released Plaintiff's Parties and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate, or reorganize.

43. The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate it shall be governed by the internal laws of the State of California without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

44. Any dispute arising out of finalizing and implementing this Stipulation or the Settlement itself shall be resolved by mediator Jed Melnick, Esq. in his sole discretion, first by way of mediation and, if unsuccessful, by way of final binding non-appealable arbitration. Any action arising under or to enforce this Stipulation, or any portion thereof, shall otherwise be commenced and maintained only in the Court.

45. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of

the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

46. All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

47. Plaintiff's Counsel and Defendant's Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement. Defendant's Counsel shall additionally use best efforts to promptly obtain approval by the Bankruptcy Court of the payment by Defendant's insurers of the Settlement Amount.

48. Pending approval by the Court of the Stipulation, all proceedings in this Litigation shall be stayed and all Settlement Class Members shall be barred from prosecuting any of the Released Claims against any of the Released Defendant's Parties.

49. If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or email transmission. Notice shall be provided as follows:

**If to Plaintiff or Plaintiff's Counsel:**
**POMERANTZ LLP**
Attn: Jeremy A. Lieberman, Esq.
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Email: jalieberman@pomlaw.com

**If to Defendant:**
**FENWICK & WEST LLP**
Attn: Catherine Kevane, Esq.
One Front Street, 33rd Floor

San Francisco, CA 94111
Telephone: (415) 875-2392
Email: ckevane@fenwick.com

Dated: May 15, 2026

*Respectfully submitted,*

**POMERANTZ LLP**
By: /s/ *Jeremy A. Lieberman*______________
Jennifer Pafiti (SBN 282790)
1100 Glendon Avenue, 15th Floor
Los Angeles, California 90024
Telephone: (310) 405-7190
jpafiti@pomlaw.com

**POMERANTZ LLP**
Jeremy A. Lieberman
*(pro hac vice application forthcoming)*
J. Alexander Hood II *(pro hac vice)*
Samantha Daniels *(pro hac vice)*
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (917) 463-1044
jalieberman@pomlaw.com
ahood@pomlaw.com
sdaniels@pomlaw.com

*Counsel for Lead Plaintiff Richard Rodriguez and Lead Counsel for the Class*

**FENWICK & WEST LLP**
By: /s/ *Catherine Kevane*__________________
Catherine Kevane
Marie C. Bafus
Kathryn Hauh
Monica Chan *(Pro Hac Vice)*
One Front Street, 33rd Floor
San Francisco, CA 94111
Telephone: (415) 875-2392
ckevane@fenwick.com
mbafus@fenwick.com
khauh@fenwick.com
mchan@fenwick.com

*Counsel for Defendant Andrew R. Allen*

# Exhibit A:
# [Proposed] Order Preliminarily Approving Settlement and Providing for Notice

**Exhibit A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GRITSTONE BIO, INC. SECURITIES LITIGATION**<br><br>This Document Relates to: *ALL ACTIONS* | Case No.: 3:24-cv-03640-CRB<br>Class Action<br>Judge: Hon. Charles R. Breyer |

## [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

**WHEREAS**, a putative class action is pending in this Court entitled *In re Gritstone bio, Inc. Securities Litigation*, Case No. 3:24-cv-03640-CRB (the "Action");

**WHEREAS**, (a) Court-Appointed Lead Plaintiff Richard Rodriguez ("Plaintiff") on behalf of himself and all members of the proposed putative Settlement Class (collectively, "Settlement Class Members"); and (b) Defendant Andrew R. Allen ("Defendant," and, together with Plaintiff, the "Parties" and each a "Party") have determined to settle all claims asserted against Defendant in this Action with prejudice on the terms and conditions set forth in the Stipulation of Settlement dated May 15, 2026 (the "Stipulation") subject to approval of this Court (the "Settlement");

**WHEREAS**, Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

**WHEREAS**, the Court has read and considered: (a) Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto, and finding that substantial and sufficient grounds exist for entering this Order; and

**WHEREAS**, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. **Preliminary Approval of the Settlement** — The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further assessment at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** — The Court will hold a settlement hearing (the "Settlement Hearing") before the Honorable Charles R. Breyer on __________ at _______ ____**.m.** in Courtroom 6, 17th Floor, United States District Court for the Northern District of California, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes: (a) to determine whether the Settlement Class should be certified as a class for Settlement purposes only, Plaintiff should be appointed as class representative, and Plaintiff's Counsel should be appointed as class counsel; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (c) to determine whether a Judgment substantially in the form attached as Exhibit C to the Stipulation should be entered dismissing the Action with prejudice against Defendant; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether notice to the Settlement Class has been adequately provided; (f) to determine whether the motion by Plaintiff's Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiff, should be approved; and (g) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Postcard Notice, Email Notice, and Summary Notice shall be given to Settlement Class Members as set forth in paragraph 6 of this Order.

3. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court may also

extend any of the deadlines set forth in this Order without further notice to the Settlement Class. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. Any such updates will be posted on the Settlement website,www.strategicclaims.net/Gritstone/.

4. **Preliminary Approval of Class Certification** — The Court finds, preliminarily and for purposes of the Settlement of the Action only, that the prerequisites for a class action under Rule 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of the Settlement Class consisting of all persons and entities that purchased publicly traded Gritstone securities between March 9, 2023 and April 2, 2024, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b) (i) Defendant and members of his Immediate Family; (ii) any person who served as a control person, officer, and/or director of Gritstone during the Settlement Class Period and members of his or her Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Gritstone; (iv) any entity in which Defendant has or had a controlling interest; (v) any trust of which Defendant is the settlor or which is for the benefit of Defendant and/or member(s) of his Immediate Family; (vi) Defendant's liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any persons and entities who or which properly exclude themselves from the

Settlement Class by filing a valid and timely request for exclusion that is accepted by the Court.

6. **Preliminary Appointment of Settlement Class Representative** — Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for purposes of the Settlement of the Action only, Plaintiff is certified as the Class Representative on behalf of the Settlement Class and Plaintiff's Counsel, selected by Plaintiff, are hereby appointed as Class Counsel for the Settlement Class.

7. **Retention of Claims Administrator and Manner of Giving Notice** — Plaintiff's Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of any Claims as more fully set forth below. Notice shall be given by Plaintiff's Counsel as follows:

(a) within twenty (20) business days after the date of entry of this Order, any identified former transfer agents of Gritstone will provide or cause to be provided to the Claims Administrator in electronic format, such as an Excel spreadsheet, their reasonably available lists (consisting of names, addresses, and email addresses, if any) of the holders of Gritstone common stock or securities during the Class Period;

(b) Plaintiff can, if necessary, subpoena any transfer agents to obtain a list of the names, addresses, and email addresses (to the extent available) of all potential Settlement Class Members, and undertake other reasonable means to identify potential Settlement Class Members;

(c) not later than thirty (30) business days after the date of entry of this Order (the "Notice Date") and receipt of list of the holders of Gritstone common stock or securities during the Class Period, the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit A-4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by the transfer agents and/or brokerage firms, or who otherwise may be identified through further reasonable effort; the Claims Administrator also shall email copies of the Email Notice to potential Settlement Class Members when provided with a valid email address;

(d) contemporaneously with the mailing of the Notice, the Claims Administrator shall cause copies of the Notice, Postcard Notice, and the Proof of Claim Form to be posted on a website to be developed for the Settlement, www.strategicclaims.net/Gritstone/, from which copies of the Notice, Postcard Notice, and Claim Form can be downloaded;

(e) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and once via press release in *PR Newswire*;

(f) not later than fourteen (14) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendant's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. Any information provided pursuant to paragraph 7 shall be treated as confidential and will be used by Plaintiff's Counsel and the Claims Administrator solely to disseminate notice, apprise Settlement Class Members of the Settlement, and/or implement the Settlement.

9. **Approval of Form and Content of Notice** — The Court (a) approves, as to form and content, the Notice, the Proof of Claim Form, the Summary Notice, the Postcard Notice, and Email Notice, attached hereto as Exhibits A-1, A-2, A-3, A-4, and A-5, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, Email Notice, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder and submission of Claims), of Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including any application for reimbursement of the reasonable costs and expenses incurred by Plaintiff directly related to his representation of the Settlement Class), of their right to object to the Settlement, the Plan of Allocation, and/or Plaintiff's Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (including any reimbursement to Plaintiff), of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient

notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Email Notice, Notice, and Summary Notice before they are mailed, emailed, provided, and published, respectively.

10. **Nominee Procedures** — Brokers and other nominees who purchased publicly-traded Gritstone securities during the Class Period for the benefit of another person or entity shall either: (a) within seven (7) calendar days of receipt of a notification letter, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners/purchasers; (b) within seven (7) calendar days of receipt of a notification letter, request a link to the Notice and Claim Form from the Claims Administrator, within seven (7) calendar days of receipt, email the link to all beneficial owners/purchasers for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of a notification letter, provide a list of the names, last known addresses, and email addresses (to the extent available) of all such beneficial owners/purchasers to info@strategicclaims.net, in which event the Claims Administrator will promptly send a copy of the Postcard Notice to the beneficial owners/purchasers for whom it does not receive a valid email address. Where the Claims Administrator receives a valid email address, they shall email the link to the Notice and Claim Form to such beneficial owners/purchasers. Nominees who elect to follow either alternative procedure (a) or (b) are directed, upon such mailing or emailing, to send a statement to the Claims Administrator confirming that the mailing or emailing was performed as directed. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.02 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice actually mailed; or $0.02 per link to the Notice and Claim Form transmitted by email; or $0.03 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims

Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11. **Participation in the Settlement** — Settlement Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or electronically submitted no later than twenty-one calendar days prior to the Settlement Hearing. Notwithstanding the foregoing, Plaintiff's Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Plaintiff's Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Plaintiff's Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13. The Claims Administrator shall determine whether each such timely submitted Claim Form is valid, deficient, or rejected. For each claim determined to be either deficient or rejected,

the Claims Administrator shall send a deficiency or rejection letter, as appropriate, describing the basis for the Claims Administrator's determination. Persons who timely submit a Claim Form that is deemed deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it appears that such deficiency may be cured. If any Settlement Class Member whose claim has been rejected in whole or in part wishes to contest such rejection, the Settlement Class Member must, within ten (10) calendar days after the date of mailing of the notice of rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Settlement Class Member's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Plaintiff's Counsel shall thereafter present the request for review to the Court. By submitting a Claim Form, Settlement Class Members submit to the jurisdiction of the Court with respect to the claim submitted. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Claim Form, nor shall any discovery from or of Defendant be allowed on any topic. No dispute regarding a Claim Form shall affect or delay the entry or finality of the Judgment.

14. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from asserting, commencing, instituting, prosecuting, or maintaining in any court of law or equity, arbitration, or other forum any and all of the Releasing Plaintiff's Parties' Claims against any and all of the Released Defendant's Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph X above.

15. **Exclusion From the Class** — Any Settlement Class Member who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within

the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the following: **Gritstone Securities Litigation, Attn: Exclusions, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063**; and (b) each request for exclusion must (i) state the name, address, email address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Gritstone bio, Inc. Securities Litigation*, Case No. 3:24-cv-03640-CRB"; (iii) state the number and type of Gritstone securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

16. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

17. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from asserting, commencing, instituting, prosecuting, or maintaining in any court of law or equity, arbitration, or other forum any

and all of the Releasing Plaintiff's Parties' Claims against any and all of the Released Defendant's Parties, as more fully described in the Stipulation and Notice.

18. **Appearance and Objections at Settlement Hearing** — Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Plaintiff's Counsel and Defendant's Counsel, at the addresses set forth below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Plaintiff's Counsel.

| **Plaintiff's Counsel** | **Defendant's Counsel** |
|---|---|
| Pomerantz LLP<br>Jeremy A. Lieberman, Esq.<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Telephone: (212) 661-1100<br>jalieberman@pomlaw.com | Fenwick & West LLP<br>Catherine Kevane, Esq.<br>One Front Street, 33rd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-2392<br>ckevane@fenwick.com |

19. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement of the reasonable costs and expenses to Plaintiff) and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiff's Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiff) should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection, together with copies of all other papers and briefs supporting the objection, with the Court either electronically, in person at any location of the United States District Court

for the Northern District of California, or by mail with the Clerk's Office at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102; any objection must be received by **[DATE]** (which is no later than twenty-one (21) calendar days prior to the Settlement Hearing).

20. Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number and type of Gritstone securities that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiff) and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses (including reimbursement to Plaintiff), or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding. The requirement to submit a written objection as a prerequisite to appearing in Court to object to the Settlement may be excused upon a showing of good cause. The Court will require only substantial compliance with the requirements for submitting an objection.

22. **Stay and Temporary Bar** — Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars Plaintiff from commencing or prosecuting any and all of the Releasing Plaintiff's Parties' Claims against any and all of the Released Defendant's Parties.

23. **Settlement Administration Fees and Expenses** — The Escrow Agent may, at any time after entry of this Order and without further approval from Defendant or the Court, disburse at the direction of Lead Counsel, all Notice and Administration Costs actually incurred and paid or payable up to $500,000.00.

24. **Settlement Fund** — The contents of the Settlement Fund held by Huntington Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25. **Taxes** — Plaintiff's Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination of Settlement** — If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, the Bankruptcy Court does not approve the payment by Defendant's insurers of the Settlement Amount, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiff, the Released Plaintiff's Parties, Defendant, and the Released Defendant's Parties, and the Parties shall revert to their respective positions in the Action as of April 24, 2026, prior to the execution of the MOU, as provided in the Stipulation.

27. **Use of this Order** — Neither this Order, the MOU, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the MOU and the Stipulation, nor any proceedings taken pursuant to or in connection with the MOU, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against Defendant or the Released Defendant's Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or the Released Defendant's Parties with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of Defendant or the Released Defendant's Parties, or in any way referred to for any other reason as against Defendant or the Released Defendant's Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff's Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff's Parties that any of their claims are without merit, that Defendant or the Released Defendant's Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff's Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Defendant's Parties or Released Plaintiff's Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties, the Released Defendant's Parties, the Released Plaintiff's Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

28. **Supporting Papers** — Plaintiff's Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiff) no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed no later than seven (7) calendar days prior to the Settlement Hearing. Such papers will be posted on the Settlement website, www.strategicclaims.net/Gritstone/, on the day they are filed.

29. **Modification of the Agreement of Settlement** — Without further approval from the Court, Plaintiff and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiff and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

30. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of ____________, 2026.

________________________________
The Honorable Charles R. Breyer
United States District Judge

# Exhibit A-1:
# Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses

EXHIBIT A-1

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GRITSTONE BIO, INC. SECURITIES LITIGATION** | Case No.: 3:24-cv-03640-CRB |

# NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES

If you purchased publicly-traded Gritstone bio, Inc. ("Gritstone" or "Company") securities between March 9, 2023 and April 2, 2024, both dates inclusive ("Settlement Class Period"), and were damaged thereby, you could get a payment from a class action settlement ("Settlement").

*Under law, a federal court has authorized this Notice. This is not attorney advertising.*

- **Purpose of Notice:** The purpose of this Notice is to inform you of the proposed Settlement of this pending securities class action (the "Action") and a hearing to be held by the Court to consider: (i) whether the Settlement should be approved; (ii) whether the proposed plan for allocating the proceeds of the Settlement (the "Plan of Allocation") should be approved; and (iii) whether Plaintiff's Counsel's application for attorneys' fees and expenses should be approved. This Notice describes important rights you may have and what steps you must take if you wish to participate in, or object to, the Settlement.
- **Summary of Claims Resolved:** The Settlement resolves claims that Court-appointed Lead Plaintiff Richard Rodriguez asserted on behalf of himself and the Settlement Class[1] against Defendant Andrew R. Allen, the former Chief Executive Officer, President, and Director of Gritstone bio, Inc. (the "Defendant," together with Lead Plaintiff, are known as the "Parties" and each a "Party") for alleged violations of federal securities laws by allegedly making materially false and misleading statements during the Settlement Class Period.
- **Statement of Settlement Class Recovery:** Subject to Court approval, Lead Plaintiff, on behalf of the Settlement Class, has agreed to settle the Action in exchange for a payment of six million dollars ($6,000,000.00) in cash (the "Settlement Amount"). The Net Settlement Fund (as defined below) will be distributed to eligible Settlement Class Members according to a plan of allocation approved by the Court. The proposed Plan of Allocation of the Net Settlement Fund is set forth on pages __-__ below.

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Stipulation of Settlement, dated May __, 2026 (the "Stipulation").

- **Reasons for Settlement:** Lead Plaintiff's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Settlement Class without the risk or the delays inherent in further litigation. Lead Plaintiff weighed this benefit against the significant risk that a smaller recovery – or no recovery at all – might be achieved after contested motions, a trial of the Action, and post-trial appeal. That process would be expected to last several years. The Settlement was entered into after extended mediation proceedings. Defendant expressly denies that Plaintiff has asserted any valid claims as to Defendant, and expressly denies any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Without admitting any liability, negligence, fault, or other wrongdoing of any kind whatsoever on the part of Defendant or Defendant's Released Parties, or any infirmity in the defenses that Defendant has, or could have, asserted, Defendant is willing to settle to avoid the continuing uncertainty, burden, and expense of the Action in exchange for all Released Claims being finally and fully compromised, settled, and released subject to the terms and conditions set forth in the Stipulation.

- **Estimate of Average Recovery Per Share:** Lead Plaintiff's damages expert estimates that there were approximately ___ allegedly damaged shares of Gritstone securities traded during the Settlement Class Period. If all of those shares elect to participate in the Settlement, the average recovery per share could be approximately $___ per share, before deduction of any fees, expenses, costs, and awards described herein. **Settlement Class Members should note that this recovery is only an estimate.** Some Settlement Class Members may recover more or less than this estimated amount depending on, among other factors: (i) when and at what price(s) they purchased Gritstone securities, and if those Gritstone securities were sold, the date(s) and price(s) at which such securities were sold; and (ii) the total number of valid Proof of Claim and Release Forms (or "Claim Forms") submitted and the value of those Claim Forms. Distributions to eligible Settlement Class Members will be made based on the Plan of Allocation set forth herein (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

- **Statement of Potential Outcome of Case If the Action Continued to Be Litigated:** The Parties disagree about both liability and damages and do not agree on the damages that would be recoverable if Lead Plaintiff were to prevail on each claim asserted against Defendant. Among other things, the Parties disagree on (i) whether Defendant violated the federal securities or any other laws or committed any acts of wrongdoing whatsoever; (ii) whether the allegedly damaging public disclosures were materially false or misleading; (iii) whether Defendant acted with scienter; (iv) whether Defendant's alleged misconduct was the proximate cause of any alleged losses suffered by the Settlement Class; (v) the extent to which external factors, such as general market, economic, and industry conditions, or unusual levels of volatility, influenced the trading prices of the Company's common stock at various times; and (v) whether Plaintiff and the Settlement Class suffered any harm as a result of Defendant's alleged violations of the federal securities laws and purported subsequent revelation of the truth. Defendant has denied and continues to deny each and all of the claims alleged by Lead Plaintiff and the Settlement Class in the Litigation. Defendant expressly has denied and continues to deny all charges of wrongdoing or liability against him arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Litigation. Defendant has denied and continues to deny, among other allegations, the allegations that Lead Plaintiff or the Settlement Class Members have suffered any damage,

that the price of the Company's securities was artificially inflated by reason of alleged misrepresentations, non-disclosures or otherwise, or that Lead Plaintiff or the Settlement Class Members were harmed by the conduct alleged in the Action or that could have been alleged as part of the Action. Defendant believes that the evidence developed to date supports his position that he acted properly at all times and that the Action is without merit. In addition, Defendant maintains that he has meritorious defenses to all claims alleged in the Action. Nonetheless, Defendant has concluded that further conduct of the Action would be protracted and expensive. Defendant also has taken into account the uncertainty and risks inherent in any litigation, especially in complex cases such as this Action. Defendant has, therefore, determined that it is desirable and beneficial to him that the Action be fully and finally settled in the manner and upon the terms and conditions set forth in the Stipulation.

- **Attorneys' Fees and Costs:** Plaintiffs' Counsel have not received any payment for their services in conducting this litigation on behalf of Lead Plaintiff and the members of the Settlement Class, nor have they been reimbursed for their out-of-pocket expenditures. If the Settlement is approved by the Court, Plaintiff's Counsel will apply to the Court for attorneys' fees not to exceed one-third of the Settlement Amount, plus interest, and reimbursement of expenses not to exceed $500,000, plus interest, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to his representation of the Settlement Class. If the amounts requested by counsel are approved by the Court, the average cost of fees and expenses would be approximately $___ per share to be paid from the Settlement Fund.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN ____________ __, 2026** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN ____________ __, 2026** | Get no payment. This is the only option that allows you to be part of any other lawsuit against the Defendant or the Released Defendant's Parties about the Released Claims. |
| **OBJECT NO LATER THAN ____________ __, 2026** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON ____________ __, 2026** | You may ask to speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

## INQUIRIES

**Please do not contact the Court regarding this notice.** All inquiries concerning this Notice, the Proof of Claim and Release Form ("Claim Form"), or any other questions by Settlement Class Members should be directed to:

**Claims Administrator**
Gritstone Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Tel.: 866-274-4004
Fax: 610-565-7985
Email: info@strategicclaims.net

**or**

**Lead Counsel**
Samantha Daniels, Esq.
POMERANTZ LLP
600 Third Avenue, 20th Floor
New York, New York 10016
Tel.: (212) 661-1100
Fax: (917) 463-1044
sdaniels@pomlaw.com

## DEFINITIONS

All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated May __, 2026.

## TABLE OF CONTENTS

1. Why did I get the Postcard Notice? .......... Page __
2. What is this lawsuit about? .......... Page __
3. Why is this a class action? .......... Page __
4. Why is there a Settlement? .......... Page __
5. How do I know if I am part of the Settlement? .......... Page __
6. Are there exceptions to being included? .......... Page __

7. I am still not sure whether I am included. ....................Page __
8. What does the Settlement provide? ....................Page __
9. How can I get a payment? ....................Page __
10. What am I giving up to get a payment or stay in the Settlement Class? ....................Page __
11. How do I exclude myself from the Settlement? ....................Page __
12. If I do not exclude myself, can I sue the Defendant later? ....................Page __
13. If I exclude myself, can I get money from the proposed Settlement?....................Page __
14. Do I have a lawyer in this case? ....................Page __
15. How will the lawyers be paid? ....................Page __
16. How do I tell the Court that I object to the Settlement? ....................Page __
17. What is the difference between objecting and requesting exclusion? ....................Page __
18. When and where will the Court decide whether to approve the Settlement? ....................Page __
19. Do I have to come to the hearing? ....................Page __
20. What happens if I do nothing at all? ....................Page __
21. Can I see the Court file? Whom should I contact if I have questions? ....................Page __
Proposed Plan of Allocation of the Net Settlement Fund ....................Page __
Special Notice to Securities Brokers and Other Nominees ....................Page __

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

### 1. Why did I get the Postcard Notice?

You, or someone in your family, or an investment account for which you serve as a custodian may have purchased publicly-traded Gritstone securities between March 9, 2023 and April 2, 2024, both dates inclusive.

### 2. What is this lawsuit about?

The case is known as *In re Gritstone bio, Inc. Securities Litigation*, Case No. 3:24-cv-03640-CRB (N.D. Cal.). The Action is pending in the United States District Court for the Northern District of California.

The Action involves Lead Plaintiff's allegations that Defendant violated the federal securities laws by making materially false and misleading statements regarding Gritstone's current Good Manufacturing Practices ("cGMP") compliance, its capabilities to satisfy its contract with the Biomedical Advanced Research and Development Authority ("BARDA"), and the timeline for launching the CORAL Phase 2b clinical trial. The Second Amended Complaint for Violations of the Federal Securities Laws (the "Second Amended Complaint") asserts that the alleged misstatements or omissions artificially inflated the price of Gritstone securities during the Settlement Class Period, and that the market price of Gritstone securities declined upon public disclosure of the facts alleged, to the alleged injury of Plaintiffs and Class members. Defendant has denied and continues to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Action, and the Settlement shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Defendant or any of the Released Defendant's Parties with respect to any claim or allegation of any fault, liability, wrongdoing, or damage whatsoever, or any infirmity in the defenses that Defendant has, or could have, asserted. The Settlement resolves all Released Claims as against all Released Defendant's Parties and all Released Plaintiff's Parties and

dismisses with prejudice the Action.

**The issuance of this Notice is NOT an expression of the Court's opinion on the merits or the lack of merits of any of Lead Plaintiff's claims in the Action or whether Defendant engaged in any wrongdoing.**

**3. Why is this a class action?**

In a class action, one or more persons and/or entities, called plaintiffs, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who validly exclude themselves from the class.

**4. Why is there a Settlement?**

The Parties do not agree regarding the merits of Plaintiff's allegations and Defendant's defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Plaintiff were to prevail at trial on each claim. The issues on which Plaintiff and Defendant disagree include: (1) whether Defendant made any statements that were materially false or misleading or otherwise actionable under federal securities law; (2) whether the Defendant acted with an intent to deceive or deliberate recklessness; (3) to the extent any statements were materially false or misleading, whether any subsequent disclosures corrected any prior statements by the Defendant; (4) the causes of the loss in the value of Gritstone securities; and (5) whether Plaintiff and the Settlement Class suffered any harm as a result of Defendant's alleged violations of the federal securities laws and purported subsequent revelation of the truth.

This matter has not gone to trial, and the Court has not decided in favor of either Plaintiff or Defendant. Instead, Plaintiff and Defendant have agreed to settle the case. Plaintiff and Lead Counsel believe the Settlement is best for all Settlement Class Members because of the expense and length of continued proceedings necessary to prosecute the Action against Defendant through trial and appeals, as well as the uncertain outcome and the risk of any litigation. Defendant has denied and continues to deny each and all of the claims and contentions alleged by Plaintiff and is entering into the Stipulation solely to eliminate the uncertainty, distraction, burden, and expense of further litigation and the length of continued proceedings necessary to defend the Action through trial and appeals.

Continued litigation could result in no recovery at all, and Lead Plaintiff may not win at trial. Even if Lead Plaintiff were to win at trial, and also prevail on any appeal brought by Defendant, Lead Plaintiff might not be able to collect some, or all, of any judgment the class may be awarded. Moreover, litigation of this type is usually expensive, and even if Lead Plaintiff's allegations were eventually found to be true, the total amount of damages to which Settlement Class Members would be entitled could be substantially reduced.

**5. How do I know if I am part of the Settlement?**

To be a Settlement Class Member, you must have purchased publicly-traded Gritstone securities between March 9, 2023 and April 2, 2024, both dates inclusive, and have been allegedly damaged thereby.

**6. Are there exceptions to being included?**

Yes. Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b) (i) Defendant and members of his Immediate Family; (ii) any person who served as a control person, officer, and/or director of Gritstone during the Settlement Class Period and members of his or her Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Gritstone; (iv) any entity in which Defendant has or had a controlling interest; (v) any trust of which Defendant is the settlor or which is for the benefit of Defendant and/or member(s) of his Immediate Family; (vi) Defendant's liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any persons and entities who or which properly exclude themselves from the Settlement Class by filing a valid and timely request for exclusion that is accepted by the Court.

**7. I am still not sure whether I am included.**

If you are still not sure whether you are included, you can ask for free help. For more information, you can contact the Claims Administrator, Strategic Claims Services, by phone at (866) 274-4004, by facsimile at (610) 565-7985, by email at info@strategicclaims.net, or by visiting the website www.strategicclaims.net/Gritstone/, or you can fill out and return the Claim Form described in Question 9, to see if you qualify.

**8. What does the Settlement provide?**

**(a) What is the Settlement Fund?**

The proposed Settlement provides that Defendant shall direct his insurers to cause the payment of $6,000,000 in cash; the Settlement Amount, plus any interest earned thereon, is the "Settlement Fund". The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees and reasonable Litigation Expenses to Plaintiff's Counsel, which may include the costs and expenses of Lead Plaintiff directly related to his representation of the Settlement Class. A portion of the Settlement Fund also will be used to pay taxes due on interest earned by the Settlement Fund, if necessary, and the notice and claims administration expenses permitted by the Court, including the costs of printing and mailing notice and the costs of publishing notice. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed according to the Plan of Allocation to be approved by the Court to Settlement Class Members who submit timely, valid Claim Forms.

**(b) What can I expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on: (i) the number of claims filed; (ii) the dates you purchased and sold Gritstone securities; (iii) the prices of your purchases and sales; (iv) the amount of administrative costs, including the costs of providing notice to the Settlement Class; and (v) the amount awarded by the Court to Plaintiff's Counsel for attorneys' fees, costs, and expenses and award to Lead Plaintiff.

The Claims Administrator will determine each Settlement Class Member's *pro rata* share of the Net Settlement Fund based upon each Settlement Class Member's "Recognized Loss." The Recognized Loss formula is not intended to be an estimate of the amount that a Settlement Class Member might have been able to recover after a trial; it also is not an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Settlement Class Members with valid claims.

The Net Settlement Fund will be distributed to Settlement Class Members who submit a Claim Form and whose claims for recovery are allowed by the Claims Administrator pursuant to the terms of the Stipulation or by order of the Court under the below Plan of Allocation ("Authorized Claimants"), which reflects Lead Plaintiff's contention that because of the alleged misrepresentations made by Defendant, the price of Gritstone securities was artificially inflated during the Settlement Class Period, and that certain subsequent disclosures removed the artificial inflation from the price of Gritstone securities. Defendant has denied and continues to deny these allegations and any and all allegations of wrongdoing, fault, liability or damage whatsoever asserted in the Action.

**9. How can I get a payment?**

To qualify for a payment, you must send in a Proof of Claim and Release Form ("Claim Form"). The Claim Form is attached to this Notice. You may also obtain the Claim Form on the Settlement website at www.strategicclaims.net/Gritstone/. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Claim Form may be completed by either: (1) completing and submitting it the electronic version of the Claim Form hosted at www.strategicclaims.net/Gritstone/ by 11:59 p.m. ET on __________ __, 2026; or (2) submitting Claim Form together with all documentation requested in the form, postmarked no later than on __________ __, 2026, to the Claims Administrator at:

Gritstone Securities Litigation
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
Fax: 610-565-7985
info@strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

**10. What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself from the Settlement Class by the _________ __, 2026 deadline, you will remain a member of the Settlement Class and will be bound by the release of claims against Defendant and other Released Defendant's Parties (as defined in the Stipulation) if the Settlement is approved. That means that upon the Effective Date of the Settlement, you and all other Released Plaintiff's Parties (as defined in the Stipulation) shall be deemed to have fully and forever released the Released Plaintiff's Claims (as defined in the Stipulation), including Unknown Claims (as defined in the Stipulation), as against the Released Defendant's Parties and shall be forever barred from asserting, commencing, instituting, prosecuting, or maintaining in any court of law or equity, arbitration, or other forum any and all of the Released Plaintiff's Claims against any and all of the Released Defendant's Parties. This release shall apply regardless of whether you have executed a Claim Form, received notice, participated in the Settlement Fund, filed an objection, or had his, her, or its Claim approved or allowed. All of the Court's orders will apply to you and legally bind you. You will accept a share of the Net Settlement Fund as the sole compensation for any alleged losses you suffered in the purchase of publicly-traded Gritstone securities during the Settlement Class Period. This is a general description of what you are giving up by staying in the Settlement Class. The specific terms of the release are included in the Stipulation, which is available by visiting the Settlement website, www.strategicclaims.net/Gritstone/.

**11. How do I exclude myself from the Settlement?**

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendant and the other Released Defendant's Parties on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself, or "opting out," from the Settlement Class. Defendant can terminate the Settlement if a certain amount of exclusion requests are received.

To exclude yourself from the Settlement, you must mail your written request for exclusion to the address below. A request for exclusion must (i) state the name, address, email address (if available), and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Gritstone bio, Inc. Securities Litigation*, Case No. 3:24-cv-03640-CRB"; (iii) state the number and type of Gritstone securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase/acquisition and, if applicable, sale of Gritstone securities; and (ii) demonstrating your status as a holder of Gritstone securities. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court. No further opportunity to request exclusion will be given in this Action. You must mail your exclusion request, **to be received no later than _________ __, 2026**, to the Claims Administrator at the following address:

Gritstone Securities Litigation, Attn: Exclusions
c/o Strategic Claims Services

P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by e-mail**. If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by the Judgment in this case.

**12. If I do not exclude myself, can I sue the Defendant later?**

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendant and the other Released Defendant's Parties for the claims being released in this Settlement. If you have a pending lawsuit against the Released Defendant's Parties or related to any Released Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is ______, 2026.

**13. If I exclude myself, can I get money from the proposed Settlement?**

No. If you exclude yourself, you will not be a Settlement Class Member, and you may not send in a Claim Form to ask for any money from this Settlement.

**14. Do I have a lawyer in this case?**

The Court has appointed Pomerantz LLP as Lead Counsel to represent you and the other Settlement Class Members. If you want to be represented by your own lawyer, you may hire one at your own expense. Contact information for Pomerantz LLP is provided above.

**15. How will the lawyers be paid?**

Plaintiff's Counsel have expended considerable time litigating the Action on a contingent fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or reimbursed for their expenses in advance of this Settlement. Plaintiff's Counsel have done so with the expectation that, if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Settlement Fund, as is customary in this type of litigation. Plaintiff's Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Settlement Fund. Therefore, Plaintiff's Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one-third of the Settlement Amount, or $__________, plus interest, and reimbursement of litigation expenses of no more than $500,000, which would include a compensatory award in the amount of $5,000 to Lead Plaintiff. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

**16. How do I tell the Court that I object to the Settlement?**

If you are a Settlement Class Member, and you disagree with the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement of the reasonable

costs and expenses to Plaintiff directly related to his representation of the Settlement Class), you can write to the Court about why you disagree. The Court will consider your views.

If you wish to object, you must file your written objection, together with copies of all other papers and briefs supporting the objection, with the Court either electronically, in person at any location of the United States District Court for the Northern District of California, or by mail with the Clerk's Office at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102, **no later than _______ __, 2026**. Any objection must (a) state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; (c) must include documents sufficient to prove membership in the Settlement Class, including the number and type of Gritstone securities that the objecting Settlement Class Member purchased/acquired and/or sold during the Settlement Class Period, as well as the dates and prices of each such purchase/acquisition and sale and the name, address and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection. Only Settlement Class Members who have submitted written notices of objection in this manner will be entitled to be heard at the Settlement Hearing, unless the Court orders otherwise. Any Settlement Class Member who does not make his, her or its objection in the manner and time provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement and/or to Lead Counsel's motion for attorneys' fees and expenses and application for an Award to Plaintiffs, unless otherwise ordered by the Court.

Attendance at the Settlement Hearing is not necessary, but any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action. A Settlement Class Member may enter an appearance at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by delivering a notice of appearance so that it is received by both Lead Counsel and Defendant's Counsel at the addresses set forth below, and filed with the Clerk of Court, **no later than _______ __, 2026**, or as the Court may otherwise direct:

| **Lead Counsel** | **Defendant's Counsel** |
|---|---|
| Pomerantz LLP<br>Jeremy A. Lieberman, Esq.<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>jalieberman@pomlaw.com | Fenwick & West LLP<br>Catherine Kevane, Esq.<br>One Front Street, 33rd Floor<br>San Francisco, CA 94111<br>ckevane@fenwick.com |

Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the Settlement Hearing. Any Settlement Class Member who does not enter an appearance will be represented by Plaintiff's Counsel.

**17. What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement or some portion thereof. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**18. When and where will the Court decide whether to approve the Settlement?**

The Court will hold a settlement hearing (the "Settlement Hearing") on ________ __, 2026 at __:__, _.m., at the United States District Court, Northern District of California, Phillip Burton Federal Building & United States Courthouse, 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California 94102. The Court may change the date or time of the Settlement Hearing, or hold the Settlement Hearing by telephone or videoconference, without further notices being sent to the Settlement Class. If the Court changes the date or time of the Settlement Hearing, the Claims Administrator will update the Settlement website, www.strategicclaims.net/Gritstone/, to reflect the new date or time of the hearing. Settlement Class Members should check the Settlement website, www.strategicclaims.net/Gritstone/, to confirm that the date has not been changed.

At this Settlement Hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate and whether to approve the Settlement. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to award Plaintiff's Counsel for attorneys' fees and Litigation Expenses, including any award to Lead Plaintiff.

**19. Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend in person at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submit your written objection by _______ __, 2026, the Court will consider it.

**20. What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendant or the Released Defendant's Parties about the Released Claims (as defined in the Stipulation) ever again.

**21. What happens if the proposed Settlement is approved?**

If the proposed Settlement is approved, the Court will enter a Final Judgment, dismissing the Action with prejudice. In addition, upon the Effective Date, and by operation of the Judgment, all Released Claims shall have been fully, finally, and forever waived, released, discharged, and dismissed as against all Released Defendant's Parties and all Released Plaintiff's Parties,

except with respect to enforcement of the releases and other terms and conditions contained in the Stipulation or the Judgment entered pursuant thereto.

**22. Can I see the Court file? Whom should I contact if I have questions?**

This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the Settlement, please see the Stipulation, which is available at www.strategicclaims.net/Gritstone/; by contacting Lead Counsel at the address below; by accessing the Court docket in this case, for a fee, through the Court's PACER system at https://ecf.cand.uscourts.gov; or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102, between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

All inquiries concerning this Notice and the Claim Form should be directed to the Claims Administrator or Lead Counsel at:

| **Claims Administrator** | | **Lead Counsel** |
|---|---|---|
| Gritstone Securities Litigation<br>c/o Strategic Claims Services<br>P.O. Box 230<br>600 N. Jackson St., Ste. 205<br>Media, PA 19063<br>Tel.: 866-274-4004<br>Fax: 610-565-7985<br>Email: info@strategicclaims.net | **or** | Samantha Daniels, Esq.<br>POMERANTZ LLP<br>600 Third Avenue, 20th Floor<br>New York, New York 10016<br>Tel.: (212) 661-1100<br>Fax: (917) 463-1044<br>sdaniels@pomlaw.com |

**DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIMS PROCESS.**

## PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors, or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.

A Recognized Loss will be calculated for each share of Gritstone common stock purchased or otherwise acquired during the Settlement Class Period (i.e., March 9, 2023 through April 2, 2024,

inclusive).[2] The calculation of Recognized Loss will depend upon several factors, including when shares of Gritstone common stock were purchased or otherwise acquired during the Settlement Class Period, and for what price, and whether those shares were sold, and if sold, when they were sold.

The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Authorized Claimants pursuant to the Settlement. The Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund in an equitable and economically feasible manner.

The Plan of Allocation was created with the assistance of a consulting damages expert and reflects the assumption that the price of Gritstone common stock was artificially inflated throughout the Settlement Class Period. The estimated alleged artificial inflation in the price of Gritstone common stock is set forth in Table 1 below, and is based on certain misrepresentations alleged by Plaintiffs and the price change in the stock following the public disclosures that allegedly corrected those misrepresentations, net of market- and industry-wide factors, and company-specific factors unrelated to the alleged fraud.

The U.S. federal securities laws allow investors to recover losses caused by disclosures which purportedly corrected the defendant's previous misleading statements or omissions. Thus, to have suffered compensable damages, Gritstone common stock purchased or otherwise acquired during the Settlement Class Period must have been held during a period of time in which the price declined due to the disclosure of information which allegedly corrected an alleged false and/or misleading statement or omission. Plaintiffs have alleged that such price declines occurred on the following dates: March 1, 2024; and April 2, 2024 (the "Corrective Disclosure Dates"). Accordingly, if a share of Gritstone common stock was sold before March 1, 2024 (the earliest Corrective Disclosure Date) the Recognized Loss for that share is $0.00, and any loss suffered is not compensable under the federal securities laws. Likewise, if a share of Gritstone common stock was purchased and sold between two consecutive Corrective Disclosure Dates, the Recognized Loss for that share is $0.00.

**Table 1**
**Alleged Artificial Inflation in Gritstone Common Stock***

| From | To | Per-Share Price Inflation |
|---|---|---|
| March 9, 2023 | February 29, 2024 | $1.94 |
| March 1, 2024 | April 1, 2024 | $1.02 |
| April 2, 2024 | Thereafter | $0.00 |

* For each day during the Settlement Class Period, price inflation in the Gritstone common stock shall be limited to that day's closing price.

---

[2] During the Settlement Class Period, Gritstone common stock traded on the Nasdaq Global Select Market ("NASDAQ") under the symbol "GRTS." Trading was suspended on NASDAQ on October 22, 2024, after which Gritstone common stock traded on the OTC Pink Market under the symbol "GRTSQ," until its delisting on April 7, 2025.

The "90-day look back" provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA") is incorporated into the calculation of the Recognized Loss. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Gritstone common stock purchased during the Settlement Class Period and held as of the close of the 90-day period subsequent to the Settlement Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average closing price during the 90-Day Lookback Period.[3] The Recognized Loss on Gritstone common stock purchased during the Settlement Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average closing price during the portion of the 90-Day Lookback Period elapsed as of the date of sale (the "90-Day Lookback Value").

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any transactions in Gritstone common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

**Calculation of Recognized Loss Per Share of Gritstone Common Stock**

For each share of Gritstone common stock purchased or otherwise acquired during the Settlement Class Period (i.e., March 9, 2023 through April 2, 2024, inclusive), the Recognized Loss per share shall be calculated as follows:

I. For each share purchased or otherwise acquired during the period March 9, 2023 through April 1, 2024, inclusive:

**a.** that was subsequently sold prior to March 1, 2024, the Recognized Loss is $0.00.

**b.** that was subsequently sold during the period March 1, 2024 through April 1, 2024, inclusive, the Recognized Loss is the amount of price inflation on the date of purchase as set forth in Table 1 above *minus* the amount of price inflation on the date of sale as set forth in Table 1.

**c.** that was subsequently sold during the period April 2, 2024 through June 28, 2024, inclusive (i.e., sold during the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:

[3] The 90-Day Lookback Period is April 2, 2024 through June 28, 2024, inclusive.

**i.** the amount of price inflation on the date of purchase as set forth in Table 1 above; or

**ii.** the purchase price *minus* the "90-Day Lookback Value" on the date of sale set forth in Table 2 below.

**d.** that was held as of the close of trading on June 28, 2024, the Recognized Loss is *the lesser of*:

i. the amount of price inflation on the date of purchase as set forth in Table 1 above; or

ii. the purchase price *minus* the average closing price for Gritstone common stock during the 90-Day Lookback Period, which was $0.82.

II. For each share purchased or otherwise acquired on or after April 2, 2024, the Recognized Loss is $0.00.[4]

**Table 2**

| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
|---|---|---|---|---|---|
| 4/2/2024 | $1.20 | 5/1/2024 | $0.87 | 5/31/2024 | $0.85 |
| 4/3/2024 | $1.20 | 5/2/2024 | $0.87 | 6/3/2024 | $0.85 |
| 4/4/2024 | $1.14 | 5/3/2024 | $0.88 | 6/4/2024 | $0.85 |
| 4/5/2024 | $1.10 | 5/6/2024 | $0.88 | 6/5/2024 | $0.85 |
| 4/8/2024 | $1.08 | 5/7/2024 | $0.88 | 6/6/2024 | $0.85 |
| 4/9/2024 | $1.06 | 5/8/2024 | $0.89 | 6/7/2024 | $0.84 |
| 4/10/2024 | $1.05 | 5/9/2024 | $0.89 | 6/10/2024 | $0.84 |
| 4/11/2024 | $1.03 | 5/10/2024 | $0.89 | 6/11/2024 | $0.84 |
| 4/12/2024 | $1.01 | 5/13/2024 | $0.88 | 6/12/2024 | $0.84 |
| 4/15/2024 | $0.98 | 5/14/2024 | $0.88 | 6/13/2024 | $0.84 |
| 4/16/2024 | $0.96 | 5/15/2024 | $0.88 | 6/14/2024 | $0.84 |
| 4/17/2024 | $0.95 | 5/16/2024 | $0.87 | 6/17/2024 | $0.84 |
| 4/18/2024 | $0.93 | 5/17/2024 | $0.87 | 6/18/2024 | $0.83 |
| 4/19/2024 | $0.92 | 5/20/2024 | $0.87 | 6/20/2024 | $0.83 |
| 4/22/2024 | $0.91 | 5/21/2024 | $0.87 | 6/21/2024 | $0.83 |
| 4/23/2024 | $0.89 | 5/22/2024 | $0.87 | 6/24/2024 | $0.83 |

[4] On April 2, 2024, Gritstone issued approximately 8.3 million shares of common stock in an offering, which are not eligible for recovery in the Settlement.

| | | | | | |
|---|---|---|---|---|---|
| 4/24/2024 | $0.89 | 5/23/2024 | $0.86 | 6/25/2024 | $0.83 |
| 4/25/2024 | $0.88 | 5/24/2024 | $0.86 | 6/26/2024 | $0.83 |
| 4/26/2024 | $0.88 | 5/28/2024 | $0.86 | 6/27/2024 | $0.82 |
| 4/29/2024 | $0.88 | 5/29/2024 | $0.86 | 6/28/2024 | $0.82 |
| 4/30/2024 | $0.87 | 5/30/2024 | $0.86 | N/A | N/A |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

The payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, which is determined based on the number of Proof of Claim and Release forms submitted and accepted as valid, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Gritstone common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.

If a Settlement Class Member acquired Gritstone common stock during the Settlement Class Period by way of gift, inheritance or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Gritstone shares were originally purchased prior to commencement of the Settlement Class Period, the Recognized Loss for such shares shall be deemed to be zero ($0.00).

Notwithstanding any of the above, shares of Gritstone common stock acquired through the exercise, conversion, or exchange of non-publicly traded securities are not eligible to participate in the Settlement. In addition, receipt of Gritstone common stock during the Settlement Class Period in exchange for securities of any corporation or entity other than Gritstone shall not be deemed a purchase or sale of Gritstone common stock and are not eligible to participate in the Settlement.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Gritstone common stock held as of the close of trading on March 8, 2023 (the last day before the Settlement Class Period begins) and then against purchases of Gritstone common stock during the Settlement Class Period.

The date of covering a "short sale" shall be deemed to be the date of purchase of shares. The date of a "short sale" shall be deemed to be the date of sale of shares. However, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in Gritstone common stock, the earliest subsequent Settlement Class Period purchases shall be matched against such short position and not be entitled to a recovery until that short position is fully covered.

With respect to Gritstone common stock purchased or sold through the exercise of a publicly traded option or warrant, the purchase/sale date of the stock shall be the exercise date of the option or warrant and the purchase/sale price of the stock shall be the exercise price of the option or warrant. Any Recognized Loss arising from purchases of Gritstone common stock acquired during the Settlement Class Period through the exercise of a publicly traded option or warrant on Gritstone common stock shall be computed as provided for other purchases of Gritstone common stock in

the Plan of Allocation.[5] For the avoidance of doubt, publicly traded option contracts and warrants themselves are not eligible securities and are not entitled to recover under the Settlement.

Payment according to the Plan of Allocation or such other plan as may be approved by the Court will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Proof of Claim and Release Form, with appropriate supporting documentation, will not share in the Settlement proceeds. The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or do not submit an acceptable Proof of Claim and Release Form.

Please contact the Claims Administrator if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim and Release Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims-administration process, to decide the issue by submitting a written request.

Defendant, his respective counsel, and all other Released Defendant's Parties will have no responsibility or liability whatsoever for the processing of Proof of Claim and Release Forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation or the determination, administration, calculation, or payment of any Proof of Claim and Release form or non-performance of the Claims Administrator, the payment or withholding of taxes owed by the Settlement Fund or any losses incurred in connection therewith. Plaintiffs and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement to Authorized Claimants; (b) second, to pay any additional Notice and Administration Costs incurred in administering the Settlement; and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs,

---

[5] The "exercise" of a publicly traded option as used in this sentence includes: (1) purchases of stock as the result of the exercise of a call option, and (2) purchases of stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, every six (6) months until the balance remaining in the Net Settlement Fund is *de minimis* and such remaining balance will then be donated to a 501(c)(3) non-profit organization serving the public interest designated by Lead Counsel that has no affiliation or financial relationship with Lead Counsel, Lead Plaintiff, Defendant, his affiliates, or Defendant's Counsel, and is approved by the Court.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If you purchased publicly-traded Gritstone securities during the period from March 9, 2023 through April 2, 2024, both dates inclusive, for the beneficial interest of a person or organization other than yourself, the Court has directed that, within seven (7) calendar days of receipt of the Claims Administrator's notification letter, you either (a) provide to the Claims Administrator the name, last known address, and email address (to the extent that email addresses are available) of each such beneficial owner/purchaser; (b) request a link to the electronic Notice and Claim Form from the Claims Administrator and, within seven (7) calendar days of receipt, email the link to all such beneficial owners/purchasers for whom valid email addresses are available; or (c) request additional copies of the Postcard Notice, which will be provided to you free of charge, and within seven (7) calendar days of receipt, mail the Postcard Notice directly to the beneficial owners/purchasers. If you choose to follow either alternative procedure (b) or (c), the Court has directed that, upon such mailing or emailing, you send a statement to the Claims Administrator confirming that the mailing or emailing was performed as directed. You are entitled to reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing, up to a maximum of $0.02 plus postage at the current pre-sort rate unit by the Claims Administrator per Postcard Notice actually mailed; $0.02 per link to the Notice and Claim Form transmitted by email; or $0.02 per name, address, and email address provided to the Claims Administrator. Those expenses will be paid upon request and submission of appropriate supporting documentation. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 3 above.

DATED: ___________ __, 2026

______________________________________

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE
NORTHERN DISTRICT OF CALIFORNIA

# Exhibit A-2:
# Proof of Claim and Release Form

EXHIBIT A-2

***Gritstone Securities Litigation***
**Toll-Free Number: (866) 274-4004**
**Email: info@strategicclaims.net**
**Website: www.strategicclaims.net/Gritstone/**

## PROOF OF CLAIM AND RELEASE FORM

To be eligible to receive a share of the Net Settlement Fund in connection with the Settlement of this Action, you must complete and sign this Proof of Claim and Release Form ("Claim Form") and mail it by first-class mail to the address below, or submit it online at www.strategicclainms.net/Gritstone/, with supporting documentation, ***postmarked*** **(if mailed) or online no later than __________ __, 2026**.

**Mail to: *Gritstone Securities Litigation***
**c/o Strategic Claims Services**
**P.O. Box 230**
**600 N. Jackson Street, Suite 205**
**Media, PA 19063**
**Fax: (610)565-7985**
**Email: info@strategicclaims.net**

Failure to submit your Claim Form by the date specified will subject your claim to rejection and may preclude you from being eligible to receive any money in connection with the Settlement.

**Do not mail or deliver your Claim Form to the Court, the Parties to the Action, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.**

| **TABLE OF CONTENTS** | **PAGE #** |
|---|---|
| PART I – GENERAL INSTRUCTIONS | __ |
| PART II – CLAIMANT INFORMATION | __ |
| PART III – SCHEDULE OF TRANSACTIONS IN GRITSTONE COMMON STOCK | __ |
| PART IV – RELEASE OF CLAIMS AND SIGNATURE | __ |

## PART I – GENERAL INSTRUCTIONS

1. It is important that you completely read the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice") that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice.[1] The Notice is also available on the Settlement website at www.strategicclainms.net/Gritstone/. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

2. By submitting this Claim Form, you will be making a request to share in the proceeds of the Settlement described in the Notice. If you are not a Settlement Class Member (see the definition of the Settlement Class on page [__] of the Notice), do not submit a Claim Form. **You may not, directly or indirectly, participate in the Settlement if you are not a Settlement Class Member.** Thus, if you are excluded from the Settlement Class, any Claim Form that you submit, or that may be submitted on your behalf, will not be accepted.

3. **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice or by such other plan of allocation as the Court approves.**

4. On the Schedule of Transactions in Part III of this Claim Form, provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of Gritstone bio, Inc. common stock ("Gritstone Securities"), regardless of whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information for Gritstone Securities during the requested time period may result in the rejection of your claim.**

5. **Please note**: Only publicly-traded Gritstone Securities purchased between March 9, 2023 and April 2, 2024, both dates inclusive, are eligible under the Settlement and the proposed Plan of Allocation set forth in the Notice. However, under the "90-day look-back period" (described in the Plan of Allocation) and the statutory formula set forth in the Securities Act of 1933, transactions in Gritstone Securities through as late as June 28, 2024 will be used for purposes of calculating certain Recognized Loss amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested transaction information during the 90-day look-back period must also be provided.

6. You are required to submit genuine and sufficient documentation for all of your transactions in and holdings of Gritstone Securities set forth in the Schedules of Transactions in Part III – V of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Parties and the Claims Administrator do not independently have information about

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Notice and the Stipulation of Settlement, dated May __, 2026 (the "Stipulation")

your investments. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS.

7. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8. Use Part II of this Claim Form entitled "Claimant Information" to identify the beneficial owner(s) of the Gritstone Securities that are the basis for the claim. The complete name(s) of the beneficial owner(s) must be entered. If you held the Gritstone Securities in your own name, you were the beneficial owner as well as the record owner. If, however, your Gritstone Securities were registered in the name of a third party, such as a nominee or brokerage firm, you were the beneficial owner of these shares, but the third party was the record owner. The beneficial owner, not the record owner, must sign this Claim Form to be eligible to participate in the Settlement. If there were joint beneficial owners, then each must sign this Claim Form, and all of their names must appear as "Claimants" in Part II of this Claim Form.

9. **One Claim should be submitted for each separate legal entity or separately managed account.** Separate Claim Forms should be submitted for each separate legal entity (e.g., an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Generally, a single Claim Form should be submitted on behalf of one legal entity including all holdings and transactions made by that entity on one Claim Form. However, if a single person or legal entity had multiple accounts that were separately managed, separate Claim Forms may be submitted for each such account. The Claims Administrator reserves the right to request information on all the holdings and transactions in Gritstone Securities made on behalf of a single beneficial owner.

10. Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must:

(a) expressly state the capacity in which they are acting;

(b) identify the name, account number, Social Security Number (or other taxpayer identification number), address, and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Gritstone Securities; and

(c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

11. By submitting a signed Claim Form, you will be swearing that you:

(a) own(ed) the Gritstone Securities you have listed on the Claim Form; or

(b) are expressly authorized to act on behalf of the owner thereof.

12. By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13. Payments to eligible Authorized Claimants will be made only if the Court approves the Settlement, after any appeals are resolved, and after the completion of all claims processing.

14. **PLEASE NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation, and no distribution will be made to that Authorized Claimant.

15. If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Notice, you may contact the Claims Administrator, Strategic Claims Services, at the above address, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004, or you can visit the website, www.strategicclaims.net/Gritstone/, where copies of the Claim Form and the Notice are available for download.

16. NOTICE REGARDING INSTITUTIONAL FILERS: Certain filers submitting claims on behalf of other beneficial owners ("Representative Filers") and/or with large numbers of transactions may request to, or may be asked to, submit information regarding their transactions in electronic files. (This is different than the online claim portal on the Settlement website.) All such Representative Filers MUST also submit a manually signed paper Claim Form whether they also submit electronic copies. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number. If you are a Representative Filer and wish to submit your claim electronically, you must contact the Claims Administrator at (866) 274-4004, email at efile@strategicclaims.net, or visit the Settlement website at www.strategicclaims.net/Gritstone/ to obtain the required file layout. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

17. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/Gritstone/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing. You will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

**IMPORTANT: PLEASE NOTE**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR CONFIRMATION EMAIL. THE CLAIMS ADMINISTRATOR WILL ACKNOWLEDGE RECEIPT OF YOUR CLAIM FORM BY MAIL OR EMAIL WITHIN 60 DAYS. IF YOU DO NOT RECEIVE AN ACKNOWLEDGEMENT POSTCARD OR CONFIRMATION EMAIL WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR TOLL FREE AT (866) 274-4004.**

## PART II – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator in writing at the address above. Complete names of all persons and entities must be provided.

Beneficial Owner's Name

| |
|---|
| |

Joint Beneficial Owner's Name (*if applicable*)

| |
|---|
| |

If this claim is submitted for an IRA, and if you would like any check that you MAY be eligible to receive made payable to the IRA, please include "IRA" in the "Last Name" box above (e.g., Jones IRA).

Entity Name (if the Beneficial Owner is not an individual)

| |
|---|
| |

Name of Representative, if applicable (*executor, administrator, trustee, c/o, etc.*), if different from Beneficial Owner

| |
|---|
| |

Last 4 digits of Social Security Number or Taxpayer Identification Number

| |
|---|
| |

Street Address

| |
|---|
| |

Address (Second line, if needed)

| |
|---|
| |

| City | State/Province | Zip Code |
|---|---|---|
| | | |

| Foreign Postal Code (if applicable) | Foreign Country (if applicable) |
|---|---|
| | |

| Telephone Number (Day) | Telephone Number (Evening) |
|---|---|
| | |

Email Address (email address is not required, but if you provide it you authorize the Settlement Administrator to use it in providing you with information relevant to this claim):

| |
|---|
| |

**Type of Beneficial Owner:**

Specify one of the following:

☐ Individual(s) ☐ Corporation ☐ UGMA Custodian ☐ IRA

☐ Partnership ☐ Estate ☐ Trust ☐ Other: ______________________

## PART III – SCHEDULE OF TRANSACTIONS IN GRITSTONE COMMON STOCK

Do not include information regarding any securities other than Gritstone common stock in this Part III. Please include proper documentation with your Claim Form as described in Part I – General Instructions, ¶ 6, above.

| | | |
|---|---|---|
| **1. Beginning Holdings**– State the total number of shares of Gritstone common stock held at the close of trading on March 8, 2023. (Must be documented.) If none, write "zero" or "0." ☐ | Confirm Proof of Position Enclosed ☐ | **IF NONE, CHECK HERE** ☐ |

**2. Purchases**– Separately list each and every purchase of Gritstone common stock from after the opening of trading on March 9, 2023 through and including the close of trading on June 28, 2024. (Must be documented.)

| Date of Purchase (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Purchase Price Per Share | Total Purchase Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| | |
|---|---|
| **3. Sales**– Separately list each and every sale/disposition (including free deliveries) of Gritstone common stock from after the opening of trading on March 9, 2023 through and including the close of trading on June 28, 2024. (Must be documented.) | **IF NONE, CHECK HERE** ☐ |

| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
|---|---|---|---|---|
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |
| / / | | $ | $ | ☐ |

| | |
|---|---|
| **4. Ending Holdings** – State the total number of shares of Gritstone common stock held at the close of trading on June 28, 2024. (Must be documented.) If none, write "zero" or "0." ☐ | **Confirm Proof of Position Enclosed** ☐ |

## PART IV – RELEASE OF CLAIMS AND SIGNATURE

**YOU MUST ALSO READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE [ ] OF THIS CLAIM FORM.**

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, without further action by anyone, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and any other person or entity legally entitled to bring Released Plaintiff's Claims (as defined in the Stipulation) on behalf of me (us) in such capacity only, including, but not limited to, my (our) (the claimant(s)') past, present, and future general partners, limited partners, principals, shareholders, joint venturers, officers, directors, managing directors, supervisors, employees, contractors, consultants, experts, auditors, accountants, financial advisors, insurers, reinsurers, indemnitors, trustees, trustors, agents, attorneys, predecessors, successors, assigns, heirs, executors, administrators, estates, and any controlling person thereof; all in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully and forever released the Released Plaintiff's Claims, which includes Unknown Claims (as defined in the Stipulation), as against the Released Defendant's Parties (as defined in the Stipulation) and shall be forever barred from asserting, commencing, instituting, prosecuting, or maintaining in any court of law or equity, arbitration, or other forum any and all of the Released Plaintiff's Claims against any and all of the Released Defendant's Parties.

Lead Plaintiff and other Settlement Class Members may hereafter discover facts in addition to or different from those which he, she, they, or it now knows or believes to be true with respect to the subject matter of the Released Plaintiff's Claims, but Lead Plaintiff, other Settlement Class members, and any other person or entity legally entitled to bring Released Plaintiff's Claims on behalf of the respective Settlement Class Member in such capacity only, shall expressly settle and release and, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released as against Released Defendant's Parties any and all Released Plaintiff's Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, disclosed or undisclosed, matured or unmatured, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waivers, and the inclusion of "Unknown Claims" in the definition of Released Plaintiff's Claims, were separately bargained for and material elements of the Settlement.

### CERTIFICATION

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1. that I (we) have read and understand the contents of the Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;
2. that the claimant(s) is a (are) Settlement Class Member(s), as defined in the Notice, and is (are) not excluded by definition from the Settlement Class as set forth in the Notice;

3. that I (we) own(ed) the Gritstone Securities identified in this Claim Form and have not assigned the claim against any of the Defendant or any of the other Released Defendant's Parties to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4. that the claimant(s) has (have) not submitted any other claim covering the same purchases of Gritstone Securities and knows (know) of no other person having done so on the claimant's (claimants') behalf;

5. that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

6. that I (we) agree to furnish such additional information with respect to this Claim Form as Plaintiff's Counsel, the Claims Administrator, or the Court may require;

7. that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, and agree(s) to the determination by the Court of the validity or amount of this Claim, and waive(s) any right of appeal or review with respect to such determination;

8. that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9. that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code because (i) the claimant(s) is (are) exempt from backup withholding or (ii) the claimant(s) has (have) not been notified by the IRS that he, she, or it is (they are) subject to backup withholding as a result of a failure to report all interest or dividends or (iii) the IRS has notified the claimant(s) that he, she, or it is (they are) no longer subject to backup withholding. **If the IRS has notified the claimant(s) that he, she, or it is (they are) subject to backup withholding, please strike out the language in the preceding sentence indicating that the claim is not subject to backup withholding in the certification above.**

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

______________________________________________
Signature of claimant Date

______________________________________________
Print claimant name here

______________________________________________
Signature of joint claimant, if any Date

______________________________________________
Print joint claimant name here

***If the claimant is other than an individual, or is not the person completing this form, the following also must be provided:***

______________________________________________
Signature of person signing on behalf of claimant Date

______________________________________________
Print name of person signing on behalf of claimant here

---

Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant – see ¶ 10 on page __ of this Claim Form.)

THIS CLAIM FORM MUST BE SUBMITTED ONLINE BY **11:59 P.M. ET ____________ __, 2026** AT WWW.STRATEGICCLAIMS.NET/GRITSTONE/. IF MAILED, THE CLAIM FORM SHOULD BE MAILED TO THE CLAIMS ADMINISTRATOR, ADDRESSED AS FOLLOWS, SO THAT IT IS **POSTMARKED NO LATER THAN____________ __, 2026**.

*Gritstone Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson Street, Suite 205
Media, PA 19063
Fax: (610)565-7985

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if a postmark date on or before **____________ __, 2026**, is indicated on the envelope and it is mailed First Class and addressed in accordance with the above instructions. In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to fully process all of the Claim Forms. Please be patient and notify the Claims Administrator of any change of address.

**REMINDER CHECKLIST**

1. Sign the above release and certification. If this Claim Form is being made on behalf of joint claimants, then both must sign.
2. Attach only ***copies*** of acceptable supporting documentation as these documents will not be returned to you.
3. Do not highlight any portion of the Claim Form or any supporting documents.
4. Keep copies of the completed Claim Form and documentation for your own records.
5. The Claims Administrator will acknowledge receipt of your Claim Form by mail or email within 60 days. Your claim is not deemed filed until you receive an acknowledgement postcard or confirmation email. **If you do not receive an acknowledgement postcard or email within 60 days, please call the Claims Administrator toll free at (866) 274-4004.**
6. If your address changes in the future, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address. If you change your name, inform the Claims Administrator.
7. If you have any questions or concerns regarding your claim, contact the Settlement Administrator at the address below, by email at info@strategicclaims.net, or by toll-free phone at (866) 274-4004 or you may visit www.strategicclaims.net/Gritstone/. DO NOT call Defendant, Gritstone, or Defendant's Counsel with questions regarding your claim.

# Exhibit A-3:
# Summary Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses

EXHIBIT A-3

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE GRITSTONE BIO, INC. SECURITIES LITIGATION | Case No.: 3:24-cv-03640-CRB<br><br>CLASS ACTION |

**SUMMARY NOTICE OF (I) PENDENCY OF CLASS ACTION AND PROPOSED SETTLEMENT; (II) SETTLEMENT FAIRNESS HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND REIMBURSEMENT OF LITIGATION EXPENSES**

**TO: ALL PERSONS AND ENTITIES THAT PURCHASED PUBLICLY-TRADED GRITSTONE SECURITIES BETWEEN MARCH 9, 2023 AND APRIL 2, 2024, BOTH DATES INCLUSIVE.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of California, that a hearing will be held on ______________ ___, 2026 at __:__ _.m. before the Honorable Charles R. Breyer, United States District Judge for the Northern District of California, San Francisco Courthouse, 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, CA 94102, or by telephonic or other virtual means as directed by the Court, for the purpose of determining:

(1) whether the proposed Settlement of the claims in the above-captioned Action for consideration including the sum of $6,000,000 should be approved by the Court as fair, reasonable, and adequate;[1]

(2) whether the proposed plan to distribute the Settlement proceeds is fair, reasonable, and adequate;

(3) whether the application by Plaintiff's Counsel for an award of attorneys' fees of up to one-third of the Settlement Amount (or $2,000,000), plus interest, reimbursement of Litigation Expenses of no more than $_________, which may include an award to Plaintiff of reasonable costs and expenses directly relating to his representation of the Settlement Class, should be approved; and

(4) whether the Action should be dismissed with prejudice as set forth in the Stipulation of Settlement, dated May __, 2026 ("Stipulation").

If you purchased publicly-traded Gritstone securities during the period between March 9, 2023 and April 2, 2024, both dates inclusive ("Settlement Class Period"), your rights may be affected by this Settlement, including the release and extinguishment of claims you may possess relating to your ownership interest in publicly-traded Gritstone securities. If you have not received a detailed Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and a copy of the Proof of Claim and Release Form ("Claim Form"), you may obtain copies by contacting the Claims Administrator at: Gritstone Securities

[1] All capitalized terms not otherwise defined in this document shall have the meaning provided in the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses (the "Notice" or "Long Notice") and the Stipulation of Settlement, dated May __, 2026 (the "Stipulation").

Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063, Telephone: (866) 274-4004, Facsimile: (610) 565-7985, info@strategicclaims.net. You may also download copies of the Notice and submit your Claim Form online at www.strategicclaims.net/Gritstone/. If you are a member of the Settlement Class, in order to share in the distribution of the Net Settlement Fund, you must submit a properly completed Claim Form electronically or sent no later than _________ __, 2026 to the Claims Administrator, establishing that you are entitled to recovery.

If you are a Settlement Class Member and desire to be excluded from the Settlement Class, you must submit a request for exclusion, in the manner and form explained in the Notice, to the Claims Administrator so that it is received no later than _________ __, 2026 . Your failure to submit your Proof of Claim and Release by ___________, 2026 will subject your claim to possible rejection and may preclude you from receiving any of the recovery in connection with the Settlement. Unless you submit a written exclusion request, you will be bound by any judgment and release rendered in the Action whether or not you make a claim.

Any objection to the Settlement, Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and reimbursement of Litigation Expenses must be in the manner and form explained in the Long Notice and received no later than _________ __, 2026 , by the Clerk of the Court, U.S. District Court, Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, California 94102.

If you have any questions about the Settlement, you may call or write to Lead Counsel:

Pomerantz LLP
Samantha Daniels, Esq.
600 Third Avenue, 20th Floor
New York, NY 10016
(212) 661-1100

EXHIBIT A-3

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.**

DATED:

______________________________

BY ORDER OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

# Exhibit A-4:
# Postcard Notice

Gritstone Securities Litigation
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**Court-Ordered Legal Notice**

**Forwarding Service Requested**

*Important Notice about a Securities Class Action Settlement*

*You may be entitled to a payment. This Notice may affect your legal rights.*

*Please read it carefully.*

*In re Gritstone bio Inc. Securities Litigation, Case No. 3:24-cv-03640-CRB (N.D. Cal.)*
*THIS CARD ONLY PROVIDES LIMITED INFORMATION ABOUT THE SETTLEMENT.*
*PLEASE VISIT WWW.STRATEGICCLAIMS.NET/GRITSTONE/ OR CALL 1-866-274-4004 FOR MORE INFORMATION.*

There has been a proposed Settlement of all claims against Defendant Andrew R. Allen ("Defendant"), former Chief Executive Officer, President, and Director of Gritstone bio, Inc. ("Gritstone"). The proposed Settlement resolves a class action lawsuit in which Plaintiff alleges that Defendant violated the federal securities laws by allegedly making material misrepresentations and/or omissions to the investing public, which allegedly inflated the market price of Gritstone securities, allegedly causing damages to Settlement Class Members. Defendant has denied and continues to deny any wrongdoing, or that he has committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws.

You received this Notice because you or someone in your family may have purchased publicly-traded Gritstone securities between March 9, 2023 and April 2, 2024, both dates inclusive, and you may be a Settlement Class Member. The Settlement provides that, in exchange for the settlement and dismissal and release of claims against Defendant and Released Defendant's Parties, a fund consisting of $6,000,000 ("Settlement Fund"), less attorneys' fees and expenses, will be divided among all Settlement Class Members who submit a valid Proof of Claim and Release Form ("Claim Form"). For a full description of the Settlement, your rights, and to make a claim, please view the Stipulation of Settlement at www.strategicclaims.net/Gritstone/ and please request a copy of the Notice of (I) Pendency of Class Action and Proposed Settlement; (II) Settlement Fairness Hearing; and (III) Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses ("Notice") and Claim Form by contacting the Claims Administrator in any of the following ways: (1) mail: *Gritstone Securities Litigation*, c/o Strategic Claims Services, 600 N. Jackson St., Ste. 205, P.O. Box 230, Media, PA 19063; (2) call: toll free, (866) 274-4004; (3) Fax: (610) 565-7985; (4) email: info@strategicclaims.net; or (5) visit the website: www.strategicclaims.net/Gritstone/.

To qualify for payment, you must submit a Claim Form to the Claims Administrator. A copy of the Claim Form can be found on the website. CLAIM FORMS ARE DUE BY __________ __, 2026 TO: GRITSTONE SECURITIES LITIGATION, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON STREET, SUITE 205, MEDIA, PA 19063 OR SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/GRITSTONE/. If you do not want to be legally bound by the Settlement, you must exclude yourself by ____________ __, 2026, or you will not be able to sue Defendant and other Released Defendant's Parties about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by ____________ __, 2026. The Notice explains how to exclude yourself or to object.

The Court will hold a hearing ("Settlement Hearing") on ___________ __, 2026 at __:__ _.m. at 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California 94102, or via remote means at the Court's direction, to consider whether to approve the Settlement, the Plan of Allocation, a request for attorneys' fees of up to 33 1/3% of the Settlement Fund, plus actual expenses up to $500,000, for litigating the case and negotiating the Settlement, which may include an award to Lead Plaintiff. You may attend the hearing and ask to be heard by the Court, but you do not have to. The Court reserves the right to hold the Settlement Hearing by remote means. You may, but are not required to, attend the hearing and ask to be heard by the Court. For more information, call (866) 274-4004, or visit www.strategicclaims.net/Gritstone/.

# Exhibit A-5:
# Email Notice

EXHIBIT A-5

***COURT-ORDERED LEGAL NOTICE***

*In re Gritstone bio, Inc. Securities Litigation*

Case No. 3:24-cv-03640-CRB (N.D. Cal.).

**Your legal rights may be affected by this securities class action settlement. You may be eligible for a cash payment. Please read this postcard carefully.**

**For more information, please:**
**visit www.strategicclaims.net/Gritstone/,**
**call: 1-866-274-4004,**
**email: info@strategicclaims.net**

***THIS EMAIL NOTICE PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.***

***PLEASE VISIT WWW.STRATEGICCLAIMS.NET/GRITSTONE/ FOR MORE INFORMATION.***

Plaintiff in the class action *In re Gritstone bio, Inc. Securities Litigation*, Case No. 3:24-cv-03640-CRB (N.D. Cal.) has reached a proposed settlement of the claims against Defendant. If approved, the Settlement will resolve a lawsuit in which Plaintiff alleged violations of Sections 10(b) and 20(a) of the Exchange Act of 1934 and SEC Rule 10b-5 promulgated thereunder. Defendant denies any liability or wrongdoing. You received this Email Notice because you, or an investment account for which you serve as a custodian, may be a member of the following Settlement Class**: all persons and entities that purchased publicly-traded Gritstone securities between March 9, 2023 and April 2, 2024, both dates inclusive, and were allegedly damaged thereby.**

Pursuant to the Settlement, Defendant shall direct his insurers to cause the payment of $6,000,000. This amount, plus accrued interest, after deduction of Court-awarded attorneys' fees and expenses, Notice and Administration Costs, Litigation Expenses, and Taxes, will be allocated among Settlement Class Members who submit valid claims, in exchange for the settlement of the Action and the release of all claims asserted in the Action and related claims. **For additional information regarding the Settlement and procedures, please review the full long-form Notice available at the Settlement website, www.strategicclaims.net/Gritstone/.** Your *pro rata* share of the Settlement proceeds will depend on the number of valid claims submitted, and when you purchased Gritstone securities. If all Settlement Class Members participate in the Settlement, the estimated average recovery will be $_.__ per allegedly damaged share before deduction of Court-approved attorneys' fees and expenses, Notice and Administration Costs, Litigation Expenses, and Taxes, and approximately $_.__ after such deductions. Your share of the Settlement proceeds will be determined by the proposed plan of allocation set forth in the Notice, or such other plan that may be approved by the Court.

**To qualify for payment, you must submit a timely and valid Claim Form. Receipt of this Email Notice does not mean you are eligible.** The Claim Form can be found at www.strategicclaims.net/Gritstone/, or you can request that one be mailed to you. You can also submit a claim online via the Settlement website. **Claim Forms must be postmarked (if mailed), or submitted online, by 11:59 p.m. ET on ______ __, 2026. If you do not want to be legally bound by any releases, judgments or orders in the Action, you must exclude yourself from the Settlement Class by ______ __, 2026.** If you exclude yourself, you may be able to sue Defendant about the claims being settled, but you cannot get money from the Settlement. **If you want to object to any aspect of the Settlement, you must file and serve an objection by ______ __, 2026**. The Notice provides instructions on how to submit a Claim Form, exclude yourself, or object, and you must comply with all of the instructions in the Notice.

The Court will hold a hearing on ______ __**, 2026 at** __:__ _**.m.**, to consider, among other things, whether to approve the Settlement and a request by the lawyers representing the Settlement Class for up to one-third of the Settlement Fund in attorneys' fees, plus interest, and litigation expenses of no more than $500,000, which may include an award in the amount of $5,000 to Lead Plaintiff. You may attend the hearing and ask to be heard by the Court, but you do not have to.

# Exhibit B:
# [Proposed] Order Approving Class Action Settlement

**Exhibit B**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GRITSTONE BIO, INC. SECURITIES LITIGATION**<br><br>This Document Relates to: *ALL ACTIONS* | Case No.: 3:24-cv-03640-CRB<br>Class Action<br>Judge: Hon. Charles R. Breyer |

**[PROPOSED] ORDER**
**APPROVING CLASS ACTION SETTLEMENT**

**WHEREAS**, a putative class action is pending in this Court entitled *In re Gritstone bio, Inc. Securities Litigation*, Case No. 3:24-cv-03640-CRB (the "Action");

**WHEREAS**, (a) Lead Plaintiff Richard Rodriguez ("Plaintiff") on behalf of himself and all members of the proposed putative Settlement Class (collectively, "Settlement Class Members"); and (b) Defendant Andrew R. Allen ("Defendant," and, together with Plaintiff, the "Parties" and each a "Party"), have entered into a Stipulation of Settlement dated May 15, 2026 (the "Stipulation"), and filed with the Court on that same date, that provides for a complete dismissal with prejudice of the claims asserted against Defendant in the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

**WHEREAS**, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

**WHEREAS**, by Order dated **__________, 2026** (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to defined Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS**, due and adequate notice has been given to the Settlement Class;

**WHEREAS**, the Court conducted a hearing on **____________, 2026** (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendant; and

**WHEREAS**, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. **Jurisdiction** — The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Settlement Class Members.

2. **Incorporation of Settlement Documents** — This Order incorporates and makes a part hereof: (a) the Stipulation filed with the Court on May 15, 2026; and (b) the Notice and the Summary Notice, both of which are exhibits to the Stipulation.

3. **Notice** — The Court finds that the dissemination and publication of the notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of (i) the pendency of the Action, (ii) the effect of the proposed Settlement (including the Releases to be provided thereunder and submission of Claims), (iii) Plaintiff's Counsel's motion for an award of attorneys' fees with interest and reimbursement of Litigation Expenses, (iv) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Plaintiff's Counsel's motion for attorneys' fees with interest and reimbursement of Litigation Expenses, (v) their right to exclude themselves from the Settlement Class, and (vi) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United

States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The Court also finds, upon the sworn submission of counsel for Defendant herein [or the sworn submission of ______, an executive of the Claims Administrator, acting on direction of Defendant and on his behest], that such notices as are required to be provided to the appropriate Federal official and the appropriate State official under the Class Action Fairness Act, 28 U.S.C. § 1715(b) were provided and that, pursuant to 28 U.S.C. § 1715(d), this Order is being entered no earlier than 90 days after the later of the dates on which the appropriate Federal official and the appropriate State official were served with the notice required under 28 U.S.C. § 1715(b), such later date being _____.

4. **Final Settlement Approval** — The Court finds, for purposes of the Settlement of the Action only, that (A) Plaintiff and Plaintiff's Counsel have adequately represented the Settlement Class; (B) the Settlement was negotiated at arm's length; (C) the relief provided for the Settlement Class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Claims; and (iii) the terms of any proposed award of attorneys' fees and Litigation Expenses, including timing of payment; and (D) the Settlement treats Settlement Class Members equitably relative to each other. Accordingly, pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendant in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Settlement Class. The Parties are directed to implement, perform, and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. **Dismissal of the Claims** — The Action and all of the claims asserted against Defendant in the Action by Plaintiff and the other Settlement Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. **Binding Effect** — The terms of the Stipulation and of this Order shall be forever binding on Defendant, Plaintiff, the Released Defendant's Parties, and the Released Plaintiff's Parties (regardless of whether or not any individual Settlement Class Member received a copy of the Notice, submitted a Claim Form, or seeks or obtains a distribution from the Net Settlement Fund). [The persons and entities listed on Exhibit 1 hereto are excluded from the Settlement Class pursuant to request and are not bound by the terms of the Stipulation or this Order.]

7. **Final Class Certification for Purposes of Settlement** — The Court finds, for purposes of the Settlement of the Action only, that the prerequisites for a class action under Rule 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action. Accordingly, the Court affirms its determination in the Preliminary Approval Order to certify for purposes of the Settlement only, the Action as a class action pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of the Settlement Class consisting of all persons and entities that purchased publicly traded Gritstone securities between March 9, 2023 and April 2, 2024, both dates inclusive. Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b) (i) Defendant and members of his Immediate Family; (ii) any person who served as a control person, officer, and/or director of Gritstone during the Settlement Class Period and members of his or her Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Gritstone; (iv) any entity in which Defendant has or had a controlling interest; (v) any trust of which Defendant is the settlor or which is for the benefit of Defendant and/or member(s) of his Immediate Family; (vi) Defendant's liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement

Class are any persons and entities who or which properly exclude themselves from the Settlement Class by filing a valid and timely request for exclusion that is accepted by the Court.

8. **Appointment of Settlement Class Representative** — Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, the Court affirms its determination in the Preliminary Approval Order appointing Richard Rodriguez as Class Representative for the Settlement Class and the law firm of Pomerantz LLP as Class Counsel for the Settlement Class.

9. **Releases** — The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions therein, are expressly incorporated herein and approved in all respects. Accordingly, this Court orders that:

(a) Upon the Effective Date, the Released Plaintiff's Parties shall be deemed to have fully, finally, and forever released, relinquished, and discharged the Released Plaintiff's Claims as against the Released Defendant's Parties and shall be forever barred and enjoined from asserting, commencing, instituting, prosecuting, assisting, instigating, maintaining, or in any way participating in the commencement or prosecution of any action or other proceeding, in any court of law or equity, arbitration, or other forum any and all of the Released Plaintiff's Claims, in any capacity, against any and all of the Released Defendant's Parties. This release shall apply regardless of whether any Released Plaintiff's Party has executed a Proof of Claim Form, received notice, participated in the Settlement Fund, filed an objection, or had his, her, or its Claim approved or allowed. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

(b) Upon the Effective Date, the Released Defendant's Parties shall be deemed to have fully and forever released the Released Defendant's Claims as against the Released Plaintiff's Parties and shall be forever barred from asserting, commencing, instituting, prosecuting, or maintaining in any court of law or equity, arbitration, or other forum any and all of the Released Defendant's Claims against any and all of the Released Plaintiff's Parties. [This Release shall not apply to any person or entity listed on Exhibit 1 hereto.]

10. Notwithstanding paragraphs 9(a)–(b) above, nothing in this Order shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Order.

11. **Rule 11 Findings** — The Court finds and concludes that Plaintiff and Defendant and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

12. **Plan of Allocation Approval** — The Court finds and concludes that the formula for the calculation of the Claims of Claimants as set forth in the Plan of Allocation submitted by Plaintiff's Counsel, as described in the Notice and in accordance with paragraph 1 of the Stipulation, is hereby approved as fair, reasonable, and adequate. Any further orders or proceedings solely regarding the Plan of Allocation, or any appeal from any order relating thereto or reversal or modification thereof, shall be considered separate and apart from this Order and shall not operate to terminate the Settlement or in any way disturb or affect this Order, the finality of this Order, or the Releases. Any orders regarding the Plan of Allocation shall not affect or delay the Effective Date of the Settlement.

13. **No Admissions** — Neither this Order, the MOU, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the MOU and the Stipulation, nor any proceedings taken pursuant to or in connection with the MOU, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

    (a) shall be offered against Defendant or the Released Defendant's Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or the Released Defendant's Parties with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of Defendant or the Released Defendant's Parties or in any way referred to for any other reason as against Defendant or the Released Defendant's

Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

(b) shall be offered against any of the Released Plaintiff's Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff's Parties that any of their claims are without merit, that Defendant or the Released Defendant's Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff's Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or

(c) shall be construed against any of the Released Defendant's Parties or Released Plaintiff's Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that the Parties, the Released Defendant's Parties, the Released Plaintiff's Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

14. **Retention of Jurisdiction** — Without affecting the finality of this Order in any way, this Court retains continuing and exclusive jurisdiction over: (a) the Parties for purposes of the administration, interpretation, implementation, and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Plaintiff's Counsel in the Action that will be paid from the Settlement Fund; (d) any motion to modify the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Settlement Class Members for all matters relating to the Action.

15. **Modification of the Agreement of Settlement** — Without further approval from the Court, Plaintiff and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b)

do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiff and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

16. **Plaintiff's Counsel's Attorneys' Fees and Expenses** — The Court hereby awards Plaintiff's Counsel attorneys' fees in the amount of ______% of the Settlement Fund and expenses in an amount of $__________, together with the interest earned thereon for the same time period and at the same rate as that earned on the Settlement Fund until paid. The Court finds that the amount of fees awarded is fair and reasonable in light of the time and labor required, the novelty and difficulty of the case, the skill required to prosecute the case, the experience and ability of the attorneys, awards in similar cases, the contingent nature of the representation, and the result obtained for the Settlement Class. Said fees shall be allocated among Plaintiff's Counsel in a manner which, in Plaintiff's Counsel's good-faith judgment, reflects each counsel's contribution to the institution, prosecution, and resolution of the Action. Pursuant to the Court's Standing Order for Civil Cases, 10% of the attorneys' fees awarded will remain in the Escrow Account until after the Post-Distribution Accounting has been filed.

17. **Plaintiff's Expenses Related to Representation of the Class** — The Court hereby awards Plaintiff his reasonable costs and expenses (including lost wages) directly related to his representation of the Settlement Class in the amount of $_________.

18. The awarded attorneys' fees and expenses, and interest earned thereon, as well as any costs or expenses awarded pursuant to the previous paragraph, shall be paid to Plaintiff's Counsel (or to Plaintiff described in the previous paragraph) from the Settlement Fund immediately after the date this Order is executed subject to the terms, conditions, and obligations of the Stipulation, except for the 10% held in the Escrow Account pursuant to this Order which shall be paid upon approval. Any awards of attorneys' fees and expenses, as well as any costs or expenses awarded pursuant to the previous paragraph, shall in no way affect or delay the finality of this Order and shall not affect or delay the Effective Date of the Settlement. Defendants shall have no responsibility for any allocations of attorneys' fees and expenses and shall have no liability to Plaintiff's Counsel or any other person in connection with the allocation of attorneys' fees and expenses.

19. **Termination of Settlement** — If the Settlement is terminated as provided in the Stipulation, the Bankruptcy Court does not approve the payment by Defendant's insurers of the Settlement Amount, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void, and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiff, the Released Plaintiff's Parties, Defendant, and the Released Defendant's Parties, and the Parties shall revert to their respective positions in the Action as of April 24, 2026, prior to the execution of the MOU, as provided in the Stipulation.

20. **Dates Governing Settlement Administration** —

| **Item** | **Deadline** |
|---|---|
| Summary Notice Published | Ten (10) business days after entry of the Preliminary Approval Order/Notice Date |
| Postcard Notice Mailed or Emailed | Thirty (30) business days after entry of the Preliminary Approval Order/Notice Date |
| Notice and Claim Form posted on a dedicated Settlement Website | Thirty (30) business days after entry of the Preliminary Approval Order/Notice Date |
| Briefs in support of final approval of Settlement, Plan of Allocation, and request for attorneys' fees and litigation expenses | Thirty-five (35) calendar days prior to the Settlement Hearing |
| Requests for exclusion from the Settlement Class | Twenty-one (21) calendar days prior to the Settlement Hearing |
| Reply papers | Seven (7) calendar days prior to the Settlement Hearing |
| Serve and file proof, by affidavit or declaration, of mailing and publication | Fourteen (14) calendar days prior to the Settlement Hearing |
| File Proof of Claim | One hundred twenty (120) calendar days after entry of the Preliminary Approval Order/Notice Date |
| Appearance at Settlement Hearing | Twenty-one (21) calendar days prior to the Settlement Hearing |

| | |
|---|---|
| Objections to Settlement | Twenty-one (21) calendar days prior to the Settlement Hearing |
| Settlement Hearing | At least 120 days after entry of the Preliminary Approval Order/Notice Date, or at the Court's earliest convenience |
| Checks distributing Settlement Fund payments mailed | TBD |

*Note: This chart will be revised to reflect actual dates once they can be ascertained based on the date Preliminary Approval is granted, and a hearing date is set. The check distribution target date will also be reflected in the revised chart based on the Claims Administrator's best estimate at that time.*

21. **Entry of Final Judgment** — There is no just reason to delay the entry of this Order and the Final Judgment in this Action. Accordingly, the Clerk of the Court is expressly directed to immediately enter the executed Final Judgment in this Action.

SO ORDERED this _____ day of ____________, 2026.

________________________________

The Honorable Charles R. Breyer
United States District Judge

**Exhibit C:**
**[Proposed] Final Judgment**

**Exhibit C**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GRITSTONE BIO, INC. SECURITIES LITIGATION**<br><br>This Document Relates to: *ALL ACTIONS* | Case No.: 3:24-cv-03640-CRB<br>Class Action<br>Judge: Hon. Charles R. Breyer |

**[PROPOSED] FINAL JUDGMENT**

**WHEREAS**, a putative class action is pending in this Court entitled *In re Gritstone bio, Inc. Securities Litigation*, Case No. 3:24-cv-03640-CRB (the "Action");

**WHEREAS**, (a) Lead Plaintiff Richard Rodriguez ("Plaintiff") on behalf of himself and all members of the proposed putative Settlement Class (collectively, "Settlement Class Members"); and (b) Defendant Andrew R. Allen ("Defendant," and, together with Plaintiff, the "Parties" and each a "Party"), have entered into a Stipulation of Settlement dated May 15, 2026 (the "Stipulation"), and filed with the Court on that same date, that provides for a complete dismissal with prejudice of the claims asserted against Defendant in the Action on the terms and conditions set forth in the Stipulation, subject to approval of this Court (the "Settlement");

**WHEREAS**, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

**WHEREAS**, by Order dated **__________, 2026** (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

**WHEREAS**, due and adequate notice has been given to the Settlement Class;

**WHEREAS**, the Court conducted a hearing on **____________, 2026** (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against Defendant;

**WHEREAS**, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor; and

**WHEREAS**, on this date, the Court entered a Final Order Approving Class Action Settlement (Dkt. No. ____).

**IT IS THEREFORE NOW HEREBY ORDERED, ADJUDGED AND DECREED:**

(1) For the reasons stated in the Court's Final Order Approving Class Action Settlement, judgment is entered in accordance with the Final Order Approving Class Action Settlement and this Action is dismissed with prejudice; and

(2) A copy of this Final Judgment shall be filed in, and applies to, this Action.

SO ORDERED this _____ day of ____________, 2026.

________________________________
The Honorable Charles R. Breyer
United States District Judge