**Exhibit A**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE GRITSTONE BIO, INC. SECURITIES LITIGATION**<br>This Document Relates to: *ALL ACTIONS* | Case No.: 3:24-cv-03640-CRB<br>Class Action<br>Judge: Hon. Charles R. Breyer |

**[PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE**

**WHEREAS**, a putative class action is pending in this Court entitled *In re Gritstone bio, Inc. Securities Litigation*, Case No. 3:24-cv-03640-CRB (the "Action");

**WHEREAS**, (a) Court-Appointed Lead Plaintiff Richard Rodriguez ("Plaintiff") on behalf of himself and all members of the proposed putative Settlement Class (collectively, "Settlement Class Members"); and (b) Defendant Andrew R. Allen ("Defendant," and, together with Plaintiff, the "Parties" and each a "Party") have determined to settle all claims asserted against Defendant in this Action with prejudice on the terms and conditions set forth in the Stipulation of Settlement dated May 15, 2026 (the "Stipulation") subject to approval of this Court (the "Settlement");

**WHEREAS**, Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, certifying the Settlement Class for purposes of the Settlement only, and allowing notice to Settlement Class Members as more fully described herein;

**WHEREAS**, the Court has read and considered: (a) Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto, and finding that substantial and sufficient grounds exist for entering this Order; and

**WHEREAS**, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation.

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1. **Preliminary Approval of the Settlement** — The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable, and adequate to the Settlement Class, subject to further assessment at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** — The Court will hold a settlement hearing (the "Settlement Hearing") before the Honorable Charles R. Breyer on __________ at _______ ____**.m.** in Courtroom 6, 17th Floor, United States District Court for the Northern District of California, Phillip Burton Federal Building, 450 Golden Gate Avenue, San Francisco, CA 94102, for the following purposes: (a) to determine whether the Settlement Class should be certified as a class for Settlement purposes only, Plaintiff should be appointed as class representative, and Plaintiff's Counsel should be appointed as class counsel; (b) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Settlement Class, and should be approved by the Court; (c) to determine whether a Judgment substantially in the form attached as Exhibit C to the Stipulation should be entered dismissing the Action with prejudice against Defendant; (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (e) to determine whether notice to the Settlement Class has been adequately provided; (f) to determine whether the motion by Plaintiff's Counsel for an award of attorneys' fees and reimbursement of Litigation Expenses, which may include an application for reimbursement of the reasonable costs and expenses incurred by Plaintiff, should be approved; and (g) to consider any other matters that may properly be brought before the Court in connection with the Settlement. The Postcard Notice, Email Notice, and Summary Notice shall be given to Settlement Class Members as set forth in paragraph 6 of this Order.

3. The Court may adjourn the Settlement Hearing without further notice to the Settlement Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Settlement Class. The Court may also

extend any of the deadlines set forth in this Order without further notice to the Settlement Class. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. Any such updates will be posted on the Settlement website,www.strategicclaims.net/Gritstone/.

4. **Preliminary Approval of Class Certification** — The Court finds, preliminarily and for purposes of the Settlement of the Action only, that the prerequisites for a class action under Rule 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) Plaintiff's claims are typical of the claims of the Settlement Class he seeks to represent; (d) Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

5. Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of the Settlement Class consisting of all persons and entities that purchased publicly traded Gritstone securities between March 9, 2023 and April 2, 2024, both dates inclusive, and were allegedly damaged thereby. Excluded from the Settlement Class are: (a) persons and entities that suffered no compensable losses; and (b) (i) Defendant and members of his Immediate Family; (ii) any person who served as a control person, officer, and/or director of Gritstone during the Settlement Class Period and members of his or her Immediate Family; (iii) present and former parents, subsidiaries, assigns, successors, affiliates, and predecessors of Gritstone; (iv) any entity in which Defendant has or had a controlling interest; (v) any trust of which Defendant is the settlor or which is for the benefit of Defendant and/or member(s) of his Immediate Family; (vi) Defendant's liability insurance carriers; and (vii) the legal representatives, heirs, successors, and assigns of any person or entity excluded under provisions (i) through (vi) hereof. Also excluded from the Settlement Class are any persons and entities who or which properly exclude themselves from the

Settlement Class by filing a valid and timely request for exclusion that is accepted by the Court.

6. **Preliminary Appointment of Settlement Class Representative** — Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for purposes of the Settlement of the Action only, Plaintiff is certified as the Class Representative on behalf of the Settlement Class and Plaintiff's Counsel, selected by Plaintiff, are hereby appointed as Class Counsel for the Settlement Class.

7. **Retention of Claims Administrator and Manner of Giving Notice** — Plaintiff's Counsel is hereby authorized to retain Strategic Claims Services (the "Claims Administrator") to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of any Claims as more fully set forth below. Notice shall be given by Plaintiff's Counsel as follows:

(a) within twenty (20) business days after the date of entry of this Order, any identified former transfer agents of Gritstone will provide or cause to be provided to the Claims Administrator in electronic format, such as an Excel spreadsheet, their reasonably available lists (consisting of names, addresses, and email addresses, if any) of the holders of Gritstone common stock or securities during the Class Period;

(b) Plaintiff can, if necessary, subpoena any transfer agents to obtain a list of the names, addresses, and email addresses (to the extent available) of all potential Settlement Class Members, and undertake other reasonable means to identify potential Settlement Class Members;

(c) not later than thirty (30) business days after the date of entry of this Order (the "Notice Date") and receipt of list of the holders of Gritstone common stock or securities during the Class Period, the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form attached hereto as Exhibit A-4, to be mailed by first-class mail to potential Settlement Class Members at the addresses set forth in the records provided by the transfer agents and/or brokerage firms, or who otherwise may be identified through further reasonable effort; the Claims Administrator also shall email copies of the Email Notice to potential Settlement Class Members when provided with a valid email address;

(d) contemporaneously with the mailing of the Notice, the Claims Administrator shall cause copies of the Notice, Postcard Notice, and the Proof of Claim Form to be posted on a website to be developed for the Settlement, www.strategicclaims.net/Gritstone/, from which copies of the Notice, Postcard Notice, and Claim Form can be downloaded;

(e) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Notice, substantially in the form attached hereto as Exhibit A-3, to be published once in *Investor's Business Daily* and once via press release in *PR Newswire*;

(f) not later than fourteen (14) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendant's Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

8. Any information provided pursuant to paragraph 7 shall be treated as confidential and will be used by Plaintiff's Counsel and the Claims Administrator solely to disseminate notice, apprise Settlement Class Members of the Settlement, and/or implement the Settlement.

9. **Approval of Form and Content of Notice** — The Court (a) approves, as to form and content, the Notice, the Proof of Claim Form, the Summary Notice, the Postcard Notice, and Email Notice, attached hereto as Exhibits A-1, A-2, A-3, A-4, and A-5, respectively, and (b) finds that the mailing and distribution of the Postcard Notice, Email Notice, and the publication of the Summary Notice in the manner and form set forth in paragraph 7 of this Order: (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, of the effect of the proposed Settlement (including the Releases to be provided thereunder and submission of Claims), of Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including any application for reimbursement of the reasonable costs and expenses incurred by Plaintiff directly related to his representation of the Settlement Class), of their right to object to the Settlement, the Plan of Allocation, and/or Plaintiff's Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (including any reimbursement to Plaintiff), of their right to exclude themselves from the Settlement Class, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate, and sufficient

notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules. The date and time of the Settlement Hearing shall be included in the Postcard Notice, Email Notice, Notice, and Summary Notice before they are mailed, emailed, provided, and published, respectively.

10. **Nominee Procedures** — Brokers and other nominees who purchased publicly-traded Gritstone securities during the Class Period for the benefit of another person or entity shall either: (a) within seven (7) calendar days of receipt of a notification letter, request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners/purchasers and within seven (7) calendar days of receipt of those Postcard Notices forward them to all such beneficial owners/purchasers; (b) within seven (7) calendar days of receipt of a notification letter, request a link to the Notice and Claim Form from the Claims Administrator, within seven (7) calendar days of receipt, email the link to all beneficial owners/purchasers for whom valid email addresses are available; or (c) within seven (7) calendar days of receipt of a notification letter, provide a list of the names, last known addresses, and email addresses (to the extent available) of all such beneficial owners/purchasers to info@strategicclaims.net, in which event the Claims Administrator will promptly send a copy of the Postcard Notice to the beneficial owners/purchasers for whom it does not receive a valid email address. Where the Claims Administrator receives a valid email address, they shall email the link to the Notice and Claim Form to such beneficial owners/purchasers. Nominees who elect to follow either alternative procedure (a) or (b) are directed, upon such mailing or emailing, to send a statement to the Claims Administrator confirming that the mailing or emailing was performed as directed. Upon full compliance with this Order, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with this Order, in an amount not to exceed $0.02 plus postage at the current pre-sort rate used by the Claims Administrator per Postcard Notice actually mailed; or $0.02 per link to the Notice and Claim Form transmitted by email; or $0.03 per name, mailing address, and email address (to the extent available) provided to the Claims Administrator, by providing the Claims

Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

11. **Participation in the Settlement** — Settlement Class Members who wish to participate in the Settlement and be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be postmarked or electronically submitted no later than twenty-one calendar days prior to the Settlement Hearing. Notwithstanding the foregoing, Plaintiff's Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Settlement Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim and the subject matter of the Settlement.

12. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Plaintiff's Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her, or its current authority to act on behalf of the Settlement Class Member must be included in the Claim Form to the satisfaction of Plaintiff's Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

13. The Claims Administrator shall determine whether each such timely submitted Claim Form is valid, deficient, or rejected. For each claim determined to be either deficient or rejected,

the Claims Administrator shall send a deficiency or rejection letter, as appropriate, describing the basis for the Claims Administrator's determination. Persons who timely submit a Claim Form that is deemed deficient or otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure such deficiency if it appears that such deficiency may be cured. If any Settlement Class Member whose claim has been rejected in whole or in part wishes to contest such rejection, the Settlement Class Member must, within ten (10) calendar days after the date of mailing of the notice of rejection, serve upon the Claims Administrator a notice and statement of reasons indicating the Settlement Class Member's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If an issue concerning a claim cannot be otherwise resolved, Plaintiff's Counsel shall thereafter present the request for review to the Court. By submitting a Claim Form, Settlement Class Members submit to the jurisdiction of the Court with respect to the claim submitted. No discovery shall be allowed on the merits of the Action or the Settlement in connection with processing of the Claim Form, nor shall any discovery from or of Defendant be allowed on any topic. No dispute regarding a Claim Form shall affect or delay the entry or finality of the Judgment.

14. Any Settlement Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her, or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders, and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from asserting, commencing, instituting, prosecuting, or maintaining in any court of law or equity, arbitration, or other forum any and all of the Releasing Plaintiff's Parties' Claims against any and all of the Released Defendant's Parties, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph X above.

15. **Exclusion From the Class** — Any Settlement Class Member who wishes to exclude himself, herself, or itself from the Settlement Class must request exclusion in writing within

the time and in the manner set forth in the Notice, which shall provide that: (a) any such request for exclusion from the Settlement Class must be mailed or delivered such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, to the following: **Gritstone Securities Litigation, Attn: Exclusions, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063**; and (b) each request for exclusion must (i) state the name, address, email address, and telephone number of the person or entity requesting exclusion, and in the case of entities, the name and telephone number of the appropriate contact person; (ii) state that such person or entity "requests exclusion from the Settlement Class in *In re Gritstone bio, Inc. Securities Litigation*, Case No. 3:24-cv-03640-CRB"; (iii) state the number and type of Gritstone securities that the person or entity requesting exclusion purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale; and (iv) be signed by the person or entity requesting exclusion or an authorized representative. A request for exclusion shall not be effective unless it provides all the required information and is received within the time stated above or is otherwise accepted by the Court.

16. Any person or entity who or which timely and validly requests exclusion in compliance with the terms stated in this Order and is excluded from the Settlement Class shall not be a Settlement Class Member, shall not be bound by the terms of the Settlement or any orders or judgments in the Action, and shall not receive any payment out of the Net Settlement Fund.

17. Any Settlement Class Member who or which does not timely and validly request exclusion from the Settlement Class in the manner stated in this Order: (a) shall be deemed to have waived his, her, or its right to be excluded from the Settlement Class; (b) shall be forever barred from requesting exclusion from the Settlement Class in this or any other proceeding; (c) shall be bound by the provisions of the Stipulation and Settlement and all proceedings, determinations, orders, and judgments in the Action, including, but not limited to, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Settlement Class; and (d) will be barred from asserting, commencing, instituting, prosecuting, or maintaining in any court of law or equity, arbitration, or other forum any

and all of the Releasing Plaintiff's Parties' Claims against any and all of the Released Defendant's Parties, as more fully described in the Stipulation and Notice.

18. **Appearance and Objections at Settlement Hearing** — Any Settlement Class Member who does not request exclusion from the Settlement Class may enter an appearance in the Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Plaintiff's Counsel and Defendant's Counsel, at the addresses set forth below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Settlement Class Member who does not enter an appearance will be represented by Plaintiff's Counsel.

| **Plaintiff's Counsel** | **Defendant's Counsel** |
|---|---|
| Pomerantz LLP<br>Jeremy A. Lieberman, Esq.<br>600 Third Avenue, 20th Floor<br>New York, NY 10016<br>Telephone: (212) 661-1100<br>jalieberman@pomlaw.com | Fenwick & West LLP<br>Catherine Kevane, Esq.<br>One Front Street, 33rd Floor<br>San Francisco, CA 94111<br>Telephone: (415) 875-2392<br>ckevane@fenwick.com |

19. Any Settlement Class Member who does not request exclusion from the Settlement Class may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement of the reasonable costs and expenses to Plaintiff) and appear and show cause, if he, she, or it has any cause, why the proposed Settlement, the proposed Plan of Allocation, and/or Plaintiff's Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiff) should not be approved; provided, however, that no Settlement Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and reimbursement of Litigation Expenses unless that person or entity has filed a written objection, together with copies of all other papers and briefs supporting the objection, with the Court either electronically, in person at any location of the United States District Court

for the Northern District of California, or by mail with the Clerk's Office at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, 16th Floor, San Francisco, CA 94102; any objection must be received by **[DATE]** (which is no later than twenty-one (21) calendar days prior to the Settlement Hearing).

20. Any objections, filings, and other submissions by the objecting Settlement Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention; and (c) must include documents sufficient to prove membership in the Settlement Class, including the number and type of Gritstone securities that the objecting Settlement Class Member purchased/acquired and/or sold during the Class Period, as well as the dates and prices of each such purchase/acquisition and sale. Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

21. Any Settlement Class Member who or which does not make his, her, or its objection in the manner provided herein shall be deemed to have waived his, her, or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiff) and shall be forever barred and foreclosed from objecting to the fairness, reasonableness, or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses (including reimbursement to Plaintiff), or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding. The requirement to submit a written objection as a prerequisite to appearing in Court to object to the Settlement may be excused upon a showing of good cause. The Court will require only substantial compliance with the requirements for submitting an objection.

22. **Stay and Temporary Bar** — Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, the Court bars Plaintiff from commencing or prosecuting any and all of the Releasing Plaintiff's Parties' Claims against any and all of the Released Defendant's Parties.

23. **Settlement Administration Fees and Expenses** — The Escrow Agent may, at any time after entry of this Order and without further approval from Defendant or the Court, disburse at the direction of Lead Counsel, all Notice and Administration Costs actually incurred and paid or payable up to $500,000.00.

24. **Settlement Fund** — The contents of the Settlement Fund held by Huntington Bank (which the Court approves as the Escrow Agent), shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25. **Taxes** — Plaintiff's Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund, to pay from the Settlement Fund any Taxes owed with respect to the Settlement Fund, and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof without further order of the Court in a manner consistent with the provisions of the Stipulation.

26. **Termination of Settlement** — If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, the Bankruptcy Court does not approve the payment by Defendant's insurers of the Settlement Amount, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Plaintiff, the Released Plaintiff's Parties, Defendant, and the Released Defendant's Parties, and the Parties shall revert to their respective positions in the Action as of April 24, 2026, prior to the execution of the MOU, as provided in the Stipulation.

27. **Use of this Order** — Neither this Order, the MOU, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the negotiations leading to the execution of the MOU and the Stipulation, nor any proceedings taken pursuant to or in connection with the MOU, the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against Defendant or the Released Defendant's Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by Defendant or the Released Defendant's Parties with respect to the truth of any fact alleged by Plaintiff or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of Defendant or the Released Defendant's Parties, or in any way referred to for any other reason as against Defendant or the Released Defendant's Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Released Plaintiff's Parties, as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Plaintiff's Parties that any of their claims are without merit, that Defendant or the Released Defendant's Parties had meritorious defenses, or that damages recoverable under the Amended Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault, or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Released Plaintiff's Parties, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of the Released Defendant's Parties or Released Plaintiff's Parties as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; provided, however, that if the Stipulation is approved by the Court, the Parties, the Released Defendant's Parties, the Released Plaintiff's Parties, and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

28. **Supporting Papers** — Plaintiff's Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Plaintiff's Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses (including reimbursement to Plaintiff) no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed no later than seven (7) calendar days prior to the Settlement Hearing. Such papers will be posted on the Settlement website, www.strategicclaims.net/Gritstone/, on the day they are filed.

29. **Modification of the Agreement of Settlement** — Without further approval from the Court, Plaintiff and Defendant are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Order; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Plaintiff and Defendant may agree to reasonable extensions of time to carry out any provisions of the Settlement.

30. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this 5th day of August, 2026.



The Honorable Charles R. Breyer
United States District Judge